**Jesus ARZAGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–00–00514–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 29, 2002.

Patrick Bramblett, Bramblett & Associates, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for Appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Jesus Arzaga appeals his conviction for the offense of assault. A jury found him guilty and assessed his punishment at a fine of $500 and confinement for 180 days. We affirm.

### FACTUAL SUMMARY

Jorge Estrada, a deputy sheriff, was dispatched at approximately 12:30 p.m. on June 14, 1999 to a domestic disturbance in San Elizario. Estrada approached the complaining witness, Judith Arzaga, who was crying and emotionally distraught. Ms. Arzaga told Estrada that Appellant, her husband, came out of their house and began yelling obscenities when she arrived with the children. Frightened, Ms. Arzaga grabbed her one-year-old son and told the older children to get away. She then ran towards a neighbor's home. Appellant ran after her and caught her, pushing her down onto the street even as she held the baby. Appellant got on top of her and struck her in the face with his fist. Estrada arrived at the scene only ten to fifteen minutes after the assault. However, Appellant had left the scene by the time Estrada arrived.

Veronica Montes is a neighbor of the Arzagas. Montes heard a knock at her door and one of the Arzagas' children asked her to come outside and help her mother. Montes went outside and saw Ms. Arzaga running across the street while carrying her young son. Appellant caught up to Ms. Arzaga in the street and grabbed her by the hair. Both Ms. Arzaga and the baby fell to the ground. One of Montes' children went over and picked up the baby. At about the same time, Appellant struck Ms. Arzaga in the face. Montes told Appellant to leave Ms. Arzaga alone and he did. He then went back across the street to his car and left. Ms. Arzaga went into Montes' home and telephoned the police.

Ms. Arzaga, who has since divorced Appellant and moved to Colorado, did not testify at trial. The jury found Appellant guilty of assault as alleged in the information.

### HEARSAY

In Point of Error No. One, Appellant complains that the trial court erred in admitting the hearsay statements of Ms. Arzaga through Deputy Estrada. He first argues that the excited utterance exception relied on by the State does not apply because it failed to establish the unavailability of Ms. Arzaga. Appellant also claims the trial court abused its discretion in finding that Ms. Arzaga's statements to Deputy Estrada qualified as an excited utterance.

#### Standard of Review

■ The trial court has broad discretion in determining the admissibility of evidence, and its ruling will not be re-

versed on appeal absent a clear abuse of discretion. *Allridge v. State*, 850 S.W.2d 471, 492 (Tex.Crim.App.1991); *Levario v. State*, 964 S.W.2d 290, 296 (Tex.App.-El Paso 1997, no pet.). As long as the trial court's ruling was at least within the zone of reasonable disagreement, we will not intercede. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990); *Levario*, 964 S.W.2d at 297.

### Unavailability

■ In *Ohio v. Roberts*, the United States Supreme Court determined that the introduction of an out-of-court statement does not violate the federal Confrontation Clause if (1) the declarant is "unavailable" for cross-examination at trial and (2) the statement bears an adequate indicia of reliability to maintain the integrity of the fact finding process and thereby to maintain the integrity of the verdict. *See Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). In subsequent decisions, however, the Supreme Court rejected the proposition that *Roberts* established a rule that "no out-of-court statement would be admissible without a showing of unavailability." *See White v. Illinois*, 502 U.S. 346, 353–54, 112 S.Ct. 736, 741, 116 L.Ed.2d 848 (1992); *United States v. Inadi*, 475 U.S. 387, 392, 106 S.Ct. 1121, 1124, 89 L.Ed.2d 390 (1986). In fact, the Supreme Court limited *Roberts* to its facts, holding that an unavailability analysis is necessary under the Confrontation Clause *only* when the challenged out-of-court statement was made in the course of a prior judicial proceeding. *Inadi*, 475 U.S. at 394, 106 S.Ct. at 1125. It confirmed this limitation in *White v. Illinois*, 502 U.S. at 354, 112 S.Ct. at 741. Despite this express limitation of *Roberts*, Texas courts have continued to read an unavailability requirement into an analysis of claimed Confrontation Clause violations even when the out-of-court statement was not made in a prior judicial proceeding. *See e.g., Salazar v. State*, 38 S.W.3d 141, 155 (Tex.Crim.App.2001) (holding that there was no confrontation clause violation arising from admission of excited utterance since victim was unavailable and the exception is firmly rooted, thereby providing adequate indicia of reliability); *Penry v. State*, 903 S.W.2d 715, 751 (Tex.Crim. App.1995) (same). We adhere instead to the Supreme Court's interpretation of *Roberts*. Because the excited utterances at issue here were not made in a prior judicial proceeding, the State was not obligated to prove the unavailability of Ms. Arzaga. *See White*, 502 U.S. at 355–56, 112 S.Ct. at 742–43 (refusing to apply unavailability rule to spontaneous declarations or statements made in the course of receiving medical care). Appellant's first argument is without merit.

### Excited Utterance

Appellant next argues that the trial court abused its discretion in finding that Ms. Arzaga's statements to Estrada qualified as excited utterances under Rule 803(2) because they were made approximately twenty minutes after the event, Ms. Arzaga was calm, and they were made to Estrada not as a spontaneous declaration, but as the result of questions he put to her.

■ Rule 803(2) provides that an excited utterance is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Tex.R.Evid. 803(2). There is no single principle governing the admissibility of evidence under the excited utterance or spontaneous declaration exception to the hearsay rule. *Salley v. State*, 25 S.W.3d 878, 880 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Each case must be consid-

ered on its own particular facts. *Salley,* 25 S.W.3d at 880; *Tejeda v. State,* 905 S.W.2d 313, 316 (Tex.App.-San Antonio 1995, pet. ref'd). While the period of time that elapsed between the occurrence of the startling event and the making of the statement is a factor to consider in determining the admissibility of such statements, the critical factor is whether the declarant is still dominated by the emotions, excitement, fear, or pain of the event. *Lawton v. State,* 913 S.W.2d 542, 553 (Tex.Crim.App.1995), *cert. denied,* 519 U.S. 826, 117 S.Ct. 88, 136 L.Ed.2d 44 (1996). Likewise, the fact that a statement is made in response to police questioning does not render the statement inadmissible. *Salley,* 25 S.W.3d at 881; *Tejeda,* 905 S.W.2d at 316. Instead, this is simply a factor which must be considered in determining admissibility under the test just described. *Lawton,* 913 S.W.2d at 553.

■ Estrada testified that he arrived at the scene within four minutes after being dispatched and only ten to fifteen minutes after the assault. Ms. Arzaga made her statements to Estrada shortly after he arrived. Estrada described Ms. Arzaga as crying and "very emotional, very distraught, stuttering" as she told him what had happened. It appeared to him that she had been crying for several minutes. This evidence supports the trial court's conclusion that Ms. Arzaga was still dominated by the emotions, excitements, fear, or pain of the event as she made the statements describing the assault to Estrada. *See Salley,* 25 S.W.3d at 880–81 (family violence victim's statements to police officers were admissible as excited utterances where police officer responded to domestic violence call less than ten minutes after the incident, and the evidence established that the victim was crying and upset when she made the statements to

the officer); *Tejeda,* 905 S.W.2d at 315–16 (family violence victim's statements to police officer in response to questions were admissible as excited utterances where victim was crying and upset when she made the statements). We find no abuse of discretion in the admission of these out-of-court statements under Rule 803(2). Point of Error No. One is overruled.

## BOLSTERING

In Point of Error No. Two, Appellant alleges that the trial court abused its discretion in admitting testimony by Estrada which bolstered the credibility of Montes and the non-testifying complainant. We review the trial court's decision to admit the testimony under an abuse of discretion standard. *See Turro v. State,* 950 S.W.2d 390, 398–400 (Tex.App.-Fort Worth 1997, pet. ref'd).

After establishing that Estrada had responded to numerous family violence calls as a peace officer, the prosecutor asked the following:

[The prosecutor]: And based on your experience, what kind of conclusions had you drawn after your first initial contact with the victim?

[Defense counsel]: Objection. Speculation.

[The prosecutor]: Based on his experience of 25 calls prior to this.

[Defense counsel]: Relevance, bolstering, self-serving.

[The Court]: All right. I will permit it. Go ahead. Overruled.

. . .

[The prosecutor]: What kind of conclusions had you made based on your first initial contact with the victim based on your prior experience with these types of calls?

[Estrada]: Type of conclusion, being the emotional state that she was in and

after speaking to the complaining witness and the other witness, which was her neighbor, and interviewed them, at each separate time by themselves, she was, *seemed like they were telling the truth at the time when I had taken the two stories.* [Emphasis added].

■■■ Bolstering occurs when evidence is admitted for the sole purpose of convincing the fact finder that a particular witness or source of evidence is worthy of credit, without substantively contributing to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *Cohn v. State,* 849 S.W.2d 817, 819–20 (Tex.Crim.App. 1993). Accordingly, if the evidence makes any substantive contribution, even if it only incrementally tends to further establish a fact of consequence, it is not bolstering. *Turro,* 950 S.W.2d at 400, *citing Cohn,* 849 S.W.2d at 819–20.

■■■ In reviewing Appellant's complaint, we note that it is generally improper for a witness to offer a direct opinion as to the truthfulness of another witness. *See Schutz v. State,* 957 S.W.2d 52, 59 (Tex.Crim.App.1997); *Yount v. State,* 872 S.W.2d 706, 710–11 (Tex.Crim.App.1993) (opinion on reh'g). This type of testimony is inadmissible because it does more than assist the trier of fact to understand the evidence or to determine a fact in issue; it impermissibly decides an issue for the jury. *See Yount,* 872 S.W.2d at 709; *Perkins v. State,* 902 S.W.2d 88, 93 (Tex.App.- El Paso 1995, pet. ref'd). In other words, it is not helpful to the jury, and consequently, is inadmissible under Tex.R.Evid.

702. Although this issue generally arises in the context of expert witnesses, lay opinions must also be helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. *See* Tex.R.Evid. 701. It follows, then, that a lay witness is not permitted to offer an opinion that another witness is truthful.[1] Because Estrada's testimony had no purpose other than to show that the State's witnesses were telling the truth, the trial court erred in admitting it.

### *Harm Analysis*

■■■ As a general rule, error in the admission or exclusion of evidence does not rise to a constitutional level. *Muhammad v. State,* 46 S.W.3d 493, 509 (Tex. App.-El Paso 2001, no pet.). Therefore, we apply the harmless error standard found in Tex.R.App.P. 44.2(b). Under this rule, the erroneous admission of evidence warrants reversal only if the evidence had a substantial and injurious effect or influence in determining the jury's verdict. *See Morales v. State,* 32 S.W.3d 862, 867 (Tex.Crim.App.2000); *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997). If the record fails to show that the error had such an impact, it cannot be said to affect a substantial right and we must disregard it. *Richardson v. State,* 981 S.W.2d 453, 457 (Tex.App.-El Paso 1998, pet. ref'd). This determination necessarily requires consideration of the entire record, including the jury instructions, the parties' theories of the case, and the closing arguments. *See Morales,* 32 S.W.3d at 867.

■■■ The jury heard evidence that Estrada interviewed Ms. Arzaga and Montes three different times in order to determine

---

1. A direct opinion as to the truthfulness of another witness improperly bolsters the witness's testimony. Therefore, we find that a bolstering objection is sufficient to preserve Appellant's complaint. However, we note that the better practice is to object to this testimony as lacking relevance or as improper opinion testimony. *See Cohn,* 849 S.W.2d at 821–22 (Campbell, J., concurring).

whether their stories remained consistent. Additionally, he interviewed the two women separately so they could not influence one another. As the jury heard, the version of the events as told through the excited utterances and Montes' testimony were consistent. The credibility of Ms. Arzaga and Montes is further supported by the photographs depicting the injuries to Ms. Arzaga's mouth. Although Ms. Arzaga was not present at trial, Montes was subjected to vigorous cross-examination. She admitted that she was nervous about testifying against her neighbor and she maintained that she was still on speaking terms with him. Montes expressly denied fabricating her testimony in order to assist Ms. Arzaga. The State made no mention of the evidence in its closing argument. Because the jury had ample opportunity to judge the credibility of Ms. Arzaga and Montes independent of Estrada's opinion, we conclude that the evidence did not have a substantial and injurious effect or influence in determining the jury's verdict and the error must be disregarded. Point of Error No. Two is overruled.

## SUFFICIENCY OF THE EVIDENCE

In three related points, Appellant challenges the sufficiency of the evidence to support his conviction for assault. In Point of Error No. Three, he contends that the trial court erred in denying his motion for an instructed verdict because the State failed to prove that Ms. Arzaga suffered any physical pain. This argument is in reality a legal sufficiency complaint. *Brimage v. State,* 918 S.W.2d 466, 470 & n. 3 (Tex.Crim.App.1994); *Madden v. State,* 799 S.W.2d 683, 686 & n. 3 (Tex.Crim.App. 1990). Therefore, we will review it in connection with Point of Error No. Seven in which Appellant challenges both the legal and factual sufficiency of the evidence. Similarly, in Point of Error No. Six, Appellant asserts that the trial court erred in receiving the guilty verdict because it is not supported by admissible evidence.

### *Standards of Review*

In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must review all the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Geesa v. State,* 820 S.W.2d 154, 159 (Tex.Crim.App.1991). Contrary to Appellant's assertions, we must evaluate all of the evidence in the record, whether admissible or inadmissible. *Wilson v. State,* 7 S.W.3d 136, 141 (Tex.Crim.App.1999); *Johnson v. State,* 967 S.W.2d 410, 412 (Tex.Crim.App.1998). We do not resolve any conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to do so. *See Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); *Matson v. State,* 819 S.W.2d 839, 843 (Tex.Crim.App.1991). Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict. *Adelman,* 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson,* 819 S.W.2d at 843. Further, the standard of review is the same for both direct evidence and circumstantial evidence cases. *Geesa,* 820 S.W.2d at 158.

### *Factual Sufficiency*

When conducting a review of the factual sufficiency of the evidence, we consider all of the evidence, but we do not view it in the light most favorable to the

verdict. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996); *Levario*, 964 S.W.2d at 295. As in the case of legal sufficiency review, we consider all of the evidence weighed by the jury, including both admissible and inadmissible evidence.[2] We review the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it with the evidence that tends to disprove that fact. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App. 1996), *cert. denied*, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). A defendant challenging the factual sufficiency of the evidence may allege that the evidence is so weak as to be clearly wrong and manifestly unjust, or in a case where the defendant has offered contrary evidence, he may argue that the finding of guilt is against the great weight and preponderance of the evidence. *See Johnson*, 23 S.W.3d at 11. Although we are authorized to set aside the fact finder's determination under either of these two circumstances, our review must employ appropriate deference and should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any evidence presented at trial. *See Johnson*, 23 S.W.3d at 7. We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different result is more reasonable. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997); *Clewis*, 922 S.W.2d at 135.

### Evidence of Physical Pain

The information alleged that Appellant intentionally and knowingly caused bodily injury to Ms. Arzaga by striking her in the face with his hand. The application para-graph of the court's charge tracked the information. The Penal Code defines bodily injury as physical pain, illness, or any impairment of physical condition. TEX. PEN.CODE ANN. § 1.07(a)(8) (Vernon 1994).

■ No witness directly testified that Ms. Arzaga suffered pain as a result of being struck in the mouth by her husband's fist. However, the jury is permitted to draw reasonable inferences from the evidence, including an inference that the victim suffered pain as a result of her injuries. *See Goodin v. State*, 750 S.W.2d 857, 859 (Tex.App.-Corpus Christi 1988, pet. ref'd). The existence of a cut, bruise, or scrape on the body is sufficient evidence of physical pain necessary to establish "bodily injury" within the meaning of the statute. *See Bolton v. State*, 619 S.W.2d 166, 167 (Tex.Crim.App.1981) (evidence of cut on arm sufficient to show bodily injury); *Goodin*, 750 S.W.2d at 859 (rejecting contention that because victim did not testify that bruises and strains "hurt" or that he felt pain the State failed to prove "bodily injury;" holding the existence of bruises and muscle strain sufficient to show bodily injury because jury could draw inference from these injuries that victim suffered physical pain).

■ The evidence at trial included two photographs of Ms. Arzaga's mouth. These exhibits depicted swelling and at least one abrasion on the inside of her upper lip. Estrada testified that the photos depicted swelling to both the upper and lower lips, bruising and "blistering" of the lips, and a cut. In his opinion, the injuries were consistent with having been caused by a blow to the mouth with a closed fist. This testimony permits an inference by the jury that Ms. Arzaga suffered physical

2. In the event the trial court erred in admitting evidence, the accused may raise this issue on appeal. If his complaint has merit and the error is reversible, a new trial will be ordered. *See Thomas v. State*, 753 S.W.2d 688, 695 (Tex.Crim.App.1988).

pain. *See Goodin,* 750 S.W.2d at 859. Thus, the State proved bodily injury by legally sufficient evidence.

In our factual sufficiency review, we must take into account Montes' testimony that Ms. Arzaga did not specifically complain that she was in pain and that Montes did not observe any injuries to Ms. Arzaga after the assault. Montes did not testify that Ms. Arzaga affirmatively stated that she *was not* in pain. Her testimony was that Ms. Arzaga simply did not make a statement that she *was* in pain. The difference is not merely semantic. The photographs indicate that the injuries suffered by Ms. Arzaga were not readily visible unless Ms. Arzaga lifted her upper lip so that the cut on the inside of her mouth could be seen. It was the jury's task to weigh this evidence and draw all reasonable inferences from it. We find that the evidence is factually sufficient to support the jury's inference that Ms. Arzaga suffered physical pain from being punched in the mouth by Appellant.

### Consideration of the Excited Utterances

Appellant also argues that when the excited utterances are excluded from consideration, the evidence is legally and factually insufficient to support his conviction. Although Appellant does not identify the particular elements which would be lacking, we assume he means that the State could not establish that the assault occurred. This argument flawed for several reasons. First, we have already determined that the trial court properly admitted this evidence. Second, even if we had found the evidence inadmissible, we would nevertheless consider it in our legal and factual sufficiency review. Third, the jury had before it the photographs depicting the injuries suffered by Ms. Arzaga and the testimony of Montes describing how Appellant struck Ms. Arzaga in the face

with his fist. Consequently, we would find the evidence sufficient even if we did not include the excited utterances in our review. Points of Error Three, Six, and Seven are overruled.

### LESSER–INCLUDED OFFENSE

■ In Point of Error No. Four, Appellant complains that the trial court erred in refusing to instruct the jury on the lesser included offense of Class C assault. To determine whether he was entitled to a charge on the lesser-included offense, we apply a two-pronged test. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.), *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); *Avila v. State,* 954 S.W.2d 830, 842 (Tex. App.-El Paso 1997, pet. ref'd). First, the lesser-included offense must be included within the proof necessary to establish the offense charged. *Rousseau,* 855 S.W.2d at 672; *Avila,* 954 S.W.2d at 842. Second, there must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau,* 855 S.W.2d at 672; *Avila,* 954 S.W.2d at 842. The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given. *Banda v. State,* 890 S.W.2d 42, 60 (Tex.Crim. App.1994), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); *Avila,* 954 S.W.2d at 842. Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. *Saunders v. State,* 840 S.W.2d 390, 391 (Tex.Crim.App.1992); *Avila,* 954 S.W.2d at 842. An accused is guilty only of a lesser-included offense if there is evidence that affirmatively rebuts or negates an element of the greater offense, or if the evidence is subject to dif-

ferent interpretations, one of which rebuts or negates the crucial element. *See Ramirez v. State*, 976 S.W.2d 219, 227 (Tex. App.-El Paso 1998, pet. ref'd). That the jury may disbelieve crucial evidence pertaining to the greater offense is not sufficient to warrant the submission of the lesser-included offense submission to the jury; there must be some evidence directly germane to the lesser-included offense to warrant such submission. *See Skinner v. State*, 956 S.W.2d 532, 543 (Tex.Crim. App.1997), *cert. denied*, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998).

■ We have already determined that the State offered evidence showing that Ms. Arzaga suffered bodily injury, namely physical pain, as a result of Appellant striking her in the face with his fist. Appellant counters that this evidence was negated or rebutted by Montes' testimony that she did not observe any injuries to Ms. Arzaga and the victim did not report any pain. Montes' failure to observe the cut on the inside of Ms. Arzaga's mouth does not rebut or negate the fact that she suffered this injury. Further, Montes never testified that Ms. Arzaga did not feel any pain from the assault; Ms. Arzaga simply did not say one way or the other. While Montes' testimony may have had the effect of weakening the evidence supporting a finding of pain depending on the weight assigned by the jury, it does not affirmatively negate or rebut that evidence. Therefore, Appellant was not entitled to an instruction on the lesser included offense of Class C assault. Point of Error No. Four is overruled.

## ADMISSION OF EXTRANEOUS OFFENSES DURING PUNISHMENT

In Point of Error No. Five, Appellant contends that the trial court abused its discretion in admitting extraneous offenses during the punishment phase of trial without first conducting a hearing outside the presence of the jury to determine whether the evidence established beyond a reasonable doubt that he committed them. He additionally argues that the evidence is insufficient to show that he committed the extraneous offenses.

At the beginning of the punishment phase, Appellant requested a hearing outside the presence of the jury to determine whether the State could prove any extraneous offense beyond a reasonable doubt. After hearing the prosecutor's response that the jury, not the trial court, had the responsibility to determine whether Appellant committed the extraneous offenses beyond a reasonable doubt, the court overruled Appellant's request. However, the court indicated that it would reconsider Appellant's request when the State offered the evidence. The State then called Deputy Sheriff Javier Jimenez to testify about two other family violence incidents at the Arzaga household. Before the State began its examination of Jimenez, Appellant renewed his request for a determination by the trial court as to whether the evidence established beyond a reasonable doubt that he had committed the extraneous offenses. The prosecutor explained that Jimenez had been to the residence on other domestic violence calls and that she was going to prove another assault through excited utterances as she had during trial. With this explanation and after some discussion about including an appropriate instruction in the charge, the trial court denied Appellant's request. Jimenez then related that he was dispatched to the Arzaga residence approximately two months before the charged assault. When he arrived, Ms. Arzaga was crying and told him that she "was tired of it." From his discussions with her, Jimenez learned that

a family violence incident had occurred and he made a report.

Nearly a month after the charged assault, Jimenez was again dispatched to the Arzaga home on another domestic disturbance call. When he arrived, Ms. Arzaga was crying, shaking, yelling, and excited. Pursuant to the excited utterance exception to the hearsay rule, Jimenez related that Appellant twisted Ms. Arzaga's arm and pulled her hair when she attempted to leave the home after telling Appellant that she wanted a divorce. Appellant dragged Ms. Arzaga back into the residence by her hair. Following his arrest, Appellant told Jimenez that "his bond shouldn't be that high on this case because all he did was grab her arm and pull her hair and that he didn't hit her like he did the last time." In its charge, the court instructed the jury that they should not consider the extraneous offense evidence unless they first found beyond a reasonable doubt that Appellant had committed the offenses.

■ We review a trial court's decision to admit an extraneous offense during the punishment phase under the abuse of discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex.Crim.App.1996). During the punishment phase, the State may offer evidence as to any matter the court deems relevant to sentencing, including evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. TEX.CODE CRIM. PROC.ANN. art. 37.07, § 3(a)(1) (Vernon Supp.2002). When presented with an appropriate objection, the trial court has the responsibility to determine the threshold issue of whether an extraneous offense is relevant. *See Mitchell*, 931 S.W.2d at 953–54; *Mann v. State*, 13 S.W.3d 89, 94 (Tex. App.-Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex.Crim.App.2001). Then the jury, as

the exclusive judge of the facts, is to determine whether or not the State has proved the extraneous offenses beyond a reasonable doubt, and they should be so instructed when requested. *Mitchell*, 931 S.W.2d at 954.

■ The trial court satisfies its responsibility by making an initial determination that a jury could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offenses. *Mann*, 13 S.W.3d at 94; *see Mitchell*, 931 S.W.2d at 954. This threshold determination is not a finding by the court that the State has proved an extraneous bad act beyond a reasonable doubt, but is instead a finding that sufficient evidence exists from which a jury could reasonably so find. *See Mann*, 13 S.W.3d at 94. Significant to the issue before us, there is no requirement that this initial determination be made by the court following a hearing as opposed to some other form of preliminary review. *Mann*, 13 S.W.3d at 94. The trial court may determine whether there is sufficient evidence through an oral or written proffer of evidence, motions, pretrial hearings, and the trial, including any bench conferences. *See Mann*, 13 S.W.3d at 93–95 (holding that the prosecutor's statement that he intended to offer extraneous offense evidence through defendant's ex-wife who would testify as to some physical abuse by defendant was sufficient for purposes of making a threshold determination of relevance); *Welch v. State*, 993 S.W.2d 690, 697 (Tex.App.-San Antonio 1999, no pet.) (holding that the State's written proffer of how it would prove the defendant sexually assaulted four other victims was sufficient for purposes of trial court's threshold determination of relevance). Here, the prosecutor's oral statement as to how she intended to prove these other assaults through Deputy Jimenez was sufficient for the trial court to make an initial determi-

nation of relevance. *See Mann*, 13 S.W.3d at 93–95. Further, we find that the State proved beyond a reasonable doubt that Appellant committed these extraneous offenses. Accordingly, Appellant's complaints are without merit. Point of Error No. Five is overruled. Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.