COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RUBEN GARZA,                                                  )

                                                                              )              
No.  08-01-00489-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
346th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20010D04293)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Ruben
Garza, appeals his conviction by a jury for the offense of injury to a
child.  The court sentenced Appellant to
7 years= in the
Institutional Division of the Texas Department of Criminal Justice.  The single issue on appeal is whether he was
denied his constitutional right to confront the child complainant.








Appellant, his
girlfriend, Kristy Swick, and their two children had been living in the single
car garage of Appellant=s
parent=s home
for about two months.  Appellant, Ms.
Swick and their two-year-old son, R.G., shared a bed--a box spring and mattress
on the garage floor.  Ms. Swick
slept on one side, Appellant in the middle, and R.G. on the opposite side.  On July 21, 2001, R.G. and his father
laid down to go to sleep.  Ms. Swick sat
on the bed watching television.  R.G. was
tossing and turning and Appellant began yelling at the boy to be still and go
to sleep.  Ms. Swick heard Appellant slap
the boy.  As she turned to look,
Appellant got out of bed and knelt down beside the bed facing his whimpering
son.  He was smoking a cigarette.  Ms. Swick turned back to the television and
then she felt her son begin to violently shake. 
She got up and went over to her son and asked Appellant what
happened.  He said Anothing.@  She asked R.G. what happened, and he answered
ADaddy burned me.@  Ms. Swick lifted the boy=s tee-shirt up and found an evident
cigarette burn mark in the middle of the boy=s
chest.  Appellant had a lit cigarette in
his fingers.

At trial, when Ms.
Swick testified about what R.G. had told her--ADaddy
burned me@-- the
defense objected, on grounds that he was being denied his constitutional right
to confront a witness in violation of the Sixth Amendment.  The State responded that the statement was
admissible as an Aexcited
utterance.@  The trial court overruled the objection.

Prior to and
subsequent to Ms. Swick=s
testimony, two police officers testified that they had gone to the Garza home
on July 22 looking for Appellant for whom there was a fugitive warrant from
California.  Both officers observed a
circular burn on R.G.=s
chest, and they testified that it was circular and the same circumference as a
cigarette.  Additionally, a series of
photos were taken July 22, were admitted into the record, and they pictured the
burn on the boy=s chest.

                                                              Standard
of Review








The trial court
has broad discretion in determining the admissibility of evidence, and its
ruling will not be reversed on appeal absent a clear abuse of discretion.  Allridge v. State, 850 S.W.2d 471, 492
(Tex.Crim.App. 1991); Levario v. State, 964 S.W.2d 290, 296
(Tex.App.--El Paso 1997, no pet.). 
As long as the trial court=s
ruling was at least within the zone of reasonable disagreement, we will not
intercede.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex.Crim.App. 1991)(Opin. on reh=g);
Levario, 964 S.W.2d at 297.

Appellant=s complaint is that the admission of
R.G.=s
statement to his mother which was hearsay testimony violated the Confrontation
Clause of the U.S. Constitution. 
Specifically, he argues that the State failed to meet the requirements
of the Aoutcry@ rule. 
See Tex.Code
Crim.Proc.Ann. '
38.072 (Vernon Supp. 2003).

The record does
show that the State gave notice of its intention to offer the statement
pursuant to the outcry rule.  However, it
does not appear that any preliminary hearing took place, and prior to Ms. Swick=s testimony, Appellant=s trial counsel objected, saying AI will lodge an objection to any
alleged outcry at this point of the child, without having the right to have the
child comply with the Sixth Amendment, confrontation of witnesses.@ 
To this, the trial court replied, 
AThe child
is not being called.@  

On appeal,
Appellant ignores the State=s
basic contention that the hearsay statement was independently admissible as an Aexcited utterance@ exception.  Indeed, he does not challenge the trial court=s ruling that the statement was
admissible as an Aexcited
utterance.@  We must also note that the State, for its
part in this appeal, ignored the confrontation clause complaint raised by
Appellant.








Recently, this Court
found that where the excited utterances at issue were not made in a prior
judicial proceeding, the State was not obligated to prove the unavailability of
R.G.  Arzaga v. State, 86 S.W.3d
767, 774 (Tex.App.--El Paso 2002, no pet.), citing White v. Illinois,
502 U.S. 346, 355-56, 112 S.Ct. 736, 742-43, 116 L.Ed.2d 848 (1992).  In this case, there was no prior judicial
proceeding.  Appellant does not challenge
that R.G.=s
statement that ADaddy
burned me@ was an
excited utterance.  Accordingly, we
overrule Appellant=s single
issue and affirm the judgment of the trial court.

 

 

July
29, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)