2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




MICHAEL DEWAYNE BOYD,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00011-CR

Appeal from the

380th District Court

of Collin County, Texas 

(TC# 380-80020-02) 




MEMORANDUM OPINION
           Michael DeWayne Boyd appeals his conviction for aggravated robbery. After a
jury found appellant guilty, it assessed his punishment at thirty-eight years’ imprisonment. 
In his sole issue, appellant contends the trial court erred by failing to sua sponte withdraw
evidence of an extraneous offense during the punishment phase when the State did not
prove the offense beyond a reasonable doubt. We affirm.
FACTUAL AND PROCEDURAL SUMMARY
           Appellant approached the complainant, Roy Pendleton, on the afternoon of April
23, 2001, allegedly seeking a job. After Pendleton told appellant the store had just hired a
man that day, he suggested appellant return the following day to speak with the manager. 
Instead, appellant returned with a gun and demanded Pendleton’s money and cell phone. 
After Pendleton handed them over, appellant directed Pendleton to get in his car and drive
away, which Pendleton did. Appellant ran after the car, brandishing the gun, then fled the
scene.
           At the punishment phase of the trial, appellant testified to his version of the events. 
He claimed that Pendleton had come to him seeking drugs. Appellant took the money,
but ran away without delivering the drugs. He speculated that Pendleton concocted the
robbery story because he was “ripped off.”
           During the punishment hearing, the State introduced evidence of an extraneous 
offense, a drug possession charge for which appellant was not convicted. Appellant
contended he had borrowed the SUV in which the drugs were found, and testified he had
no knowledge there were ecstacy pills in the vehicle. The record reflects that appellant
did not, however, ask the trial court to make an initial determination as to the
admissibility of this offense, object to its admission, or seek to exclude it from the jury
charge.
PRESERVATION OF ERROR
           The trial court must make a threshold determination whether extraneous offense
evidence is admissible, in light of whether a jury could reasonably find beyond a
reasonable doubt that the defendant committed the offense. Arzaga v. State, 86 S.W.3d
767, 780 (Tex. App.--El Paso 2002, no pet.). It is the jury that decides whether the State
satisfied that burden of proof. Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App.
1996). We note that the jury charge correctly instructed the jury not to consider this
extraneous offense unless it determined that the State had proved it beyond a reasonable
doubt.
           The State contends that appellant has waived any error because he did not object to 
admission of the extraneous offense. We agree. To preserve error for appellate review, a
defendant must object at trial to the admission of evidence. See Tex. R. Evid. 103(a)(1)
(error may not be predicated on ruling admitting evidence unless timely, specific
objection appears in record); Tex. R. App. P. 33.1 (objection must be made in trial court to
preserve error); Lankston v. State, 827 S.W.2d 907, 908 (Tex. Crim. App. 1992)
(observing that preserving error in regard to admission or exclusion of evidence requires
proper objection).
           Appellant cites no authority to support his argument that the trial court had an
obligation to exclude admission of the extraneous offense sua sponte, in the absence of an
objection, nor can we find any. Moreover, given the evidence adduced at the punishment
hearing, the trial court did not err in deciding the jury could reasonably find beyond a
reasonable doubt that the defendant committed the offense. See Arzaga, 86 S.W.3d at
780.
 

CONCLUSION
           We overrule the sole issue presented for review.
           We affirm the judgment of the trial court.
 
                                                                  PER CURIAM
December 30, 2004

Before Panel No. 5
Larsen, McClure, and Andell, JJ.
(Andell, J., sitting by assignment)

(Do Not Publish)