NO. 07-10-0318-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
21, 2011

 



 

RENE L. FRANCO,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 121ST DISTRICT COURT OF TERRY
COUNTY;

 

NO. 5920; HONORABLE KELLY G. MOORE,
PRESIDING

 



 

Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Rene L.
Franco challenges his conviction of sexual assault of a child by contending 1)
the evidence is legally insufficient to support it, and 2) the trial court
erred in admitting evidence that improperly bolstered the complainant’s
purported truthfulness.  We affirm the
judgment. 

            Sufficiency of the Evidence

            We review the sufficiency of the
evidence under the standard discussed in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Brooks v. State, 323 S.W.3d 893, 902
(Tex. Crim. App. 2010).  Next, appellant
was charged with intentionally and knowingly causing the penetration of the
sexual organ of his niece (by marriage), who was under seventeen years of age,
by his sexual organ.  See Tex.
Penal Code Ann. §22.011(a)(2) (Vernon Supp. 2010).  At trial, the complainant testified that
appellant raped her by putting his penis inside her vaginal area when she
stayed the night at the home of her aunt and uncle.  She did not report the attack until a month
later when she was being disciplined for allowing a boy to enter her bedroom at
night for the purpose of having sex.   The
evidence allegedly is insufficient to prove guilt because it consists of “a string
of misleading facts and inconsistent testimony from the complainant.”  We overrule the issue.

            The testimony of the complainant alone,
if believed by the jury, is sufficient to support the conviction.  Tex.
Code Crim. Proc. Ann. art. 38.07(a) (Vernon 2005); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.–Austin 2003, pet.
ref’d), overruled in part on other
grounds by Taylor v. State, 268 S.W.3d 571 (Tex. Crim. App. 2008); Jensen v. State, 66 S.W.3d 528, 534
(Tex. App.–Houston [14th Dist.] 2002, pet. ref’d). Any
inconsistencies in the evidence were for the jury to resolve, as were issues
regarding the credibility of the complainant and the other witnesses, and we
are required to defer to its determination on those issues.[1]   Brooks
v. State, 323 S.W.3d at 902 n.19.  

            

 

Admission of
Evidence    

            Appellant next complains about the admission
into evidence of testimony from the complainant’s mother regarding the
truthfulness of her daughter’s allegations.[2]  We overrule the issue.

            Appellant objected below to the utterance
on the basis that it constituted a “conclusion.”  Now, he suggests that it was inadmissible as
an attempt to impermissibly bolster the credibility of the complainant in violation
of Texas Rule of Evidence 701.  It is
true that an attempt to bolster the veracity of a complaining witness generally
is prohibited because the testimony is not helpful to the jury and, therefore,
lacks relevance.  Arzaga v. State, 86 S.W.3d 767,
776 (Tex. App.–El Paso 2002, no pet.).  That is, it tends to usurp the resolution of
an issue which only a jury can resolve.  Id. (stating that such evidence
is inadmissible because it impermissibly decides an issue for the jury); accord, Reynolds v. State, 227 S.W.3d
355, 365-66 (Tex. App.–Texarkana 2007, no
pet.) (stating the same).  Yet, complaining about evidence on this basis
is quite different from complaining about it because certain testimony is a
conclusion.  Conclusions may encompass
most anything, such as conclusions of law, conclusions of fact, and observations
lacking factual support or explanation. 
So too may conclusions be quite relevant, though inadmissible for other
reasons.  Given this, we must conclude
that the objection asserted below fails to comport with that proffered on
appeal.  Heidelberg v. State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004)
(stating that the complaint on appeal must comport with that made at trial).  Uttering “conclusion” without more is not
enough to reasonably inform the trial court that the testimony may violate
Texas Rule of Evidence 701 (involving opinions given by lay witnesses) or
constitute impermissible bolstering. 
Consequently, the complaint before us was not preserved below.  See Arzaga v. State, 86 S.W.3d at 776 n.1 (stating that
while a “bolstering objection” preserves the complaint for review, the better
practice is to object because the testimony lacks relevance or constitutes
improper opinion testimony).  

            Accordingly, the judgment is
affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

Publish.    











[1]Appellant
particularly points to 1) testimony from a police officer that the complainant
told him she screamed at the time of the assault although she denied at trial
that she had done so, 2) the fact that the complainant told her parents of the
assault only after they were outraged over her behavior with a boy, 3) the use
of “penal code” language by the complainant in describing the assault, and 4)
the failure of police or the complainant’s parents to seek a medical exam.   





[2]The
State asked the witness:  “Do you believe
your daughter when she told you what [appellant] did to her?”  The witness answered: “Yes.”