COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
 CHARLES GLENN MASSEY A/K/A
 CHARLES GLENN WHITELY,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00051-CR
  
                          Appeal from
  
 355th District
 Court
  
 of Hood County,
 Texas
  
 (TC # CR11454)
 
 
 
 
  
 
 
  
 
 
  
 
 


                                                                  O
P I N I O N

 

Charles Glenn Massey a/k/a Charles Glenn Whiteley appeals his conviction
of possession of less than one gram methamphetamine, enhanced by two prior
convictions.  A jury found Appellant
guilty and the trial court assessed punishment. 
The court found both enhancement paragraphs true based on Appellant’s
pleas of true, and assessed Appellant’s punishment at imprisonment for twenty
years.  We affirm.

SUFFICIENCY OF THE EVIDENCE

            In his sole issue on appeal,
Appellant contends that the evidence is insufficient to prove beyond a
reasonable doubt that he knowingly possessed methamphetamine.  

Standard of Review and Applicable Law

            In reviewing the sufficiency of the
evidence to determine whether the State proved the elements of the offense
beyond a reasonable doubt, we apply the Jackson
v. Virginia standard.  Brooks v. State, 323 S.W.3d 893, 895-95
(Tex.Crim.App. 2010), citing Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Under that standard, a reviewing court must
consider all evidence in the light most favorable to the verdict and in doing
so determine whether a rational justification exists for the jury’s finding of
guilt beyond a reasonable doubt. Brooks,
323 S.W.3d at 894-95, citing Jackson,
443 U.S. at 319, 99 S.Ct. at 2789.  As
the trier of fact, the jury is the sole judge as to the weight and credibility
of witness testimony, and therefore, on appeal we must give deference to the
jury’s determinations.  Brooks, 323 S.W.3d at 894-95.  If the record contains conflicting inferences,
we must presume the jury resolved such facts in favor of the verdict and defer
to that resolution.  Id.  On appeal, we serve only
to ensure the jury reached a rational verdict, and we may not reevaluate the
weight and credibility of the evidence produced at trial and in so doing
substitute our judgment for that of the fact finder.  King v.
State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).  In our review, we consider both direct and
circumstantial evidence and all reasonable inferences that may be drawn from
the evidence.  Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).  The standard of review as to the sufficiency
of the evidence is the same for both direct and circumstantial evidence cases.  Id.;
Arzaga v. State, 86 S.W.3d 767, 777
(Tex.App.--El Paso 2002, no pet.).  Each
fact need not point directly and independently to the guilt of the accused, so
long as the cumulative force of all the evidence, when coupled with reasonable
inferences to be drawn from that evidence, is sufficient to support the
conviction.  Id.  Circumstantial evidence
is as probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.  Guevara
v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); Arzaga, 86 S.W.3d at 777.

            The Penal Code defines “possession”
as actual care, custody, control, or management. Tex.Penal Code Ann. § 1.07(a)(39)(West Supp. 2011).  To prove unlawful possession of a controlled
substance, the State must prove that (1) the accused exercised control,
management, or care over the substance; and (2) the accused knew the matter
possessed was contraband.  Poindexter v. State, 153 S.W.3d 402, 405
(Tex.Crim.App. 2005); see Tex.Health & Safety Code Ann. § 481.115(a)(West
2010).  Mere presence at a location where
drugs are found is insufficient, by itself, to establish actual care, custody,
or control of those drugs.  Evans v. State, 202 S.W.3d 158, 162
(Tex.Crim.App. 2006).  When the accused is
not in exclusive possession of the place where the substance is found, it
cannot be concluded that the accused had knowledge of and control over the
contraband unless there are additional independent facts and circumstances
which affirmatively link the accused to the contraband.  Poindexter,
153 S.W.3d at 406.

A nonexclusive list of factors that can be sufficient, either singly or
in combination, to establish someone’s possession of contraband include:  (1) the defendant’s presence when a search is
conducted, (2) whether the contraband was in plain view, (3) the defendant’s
proximity to and the accessibility of the contraband, (4) whether he was under
the influence of a controlled substance or narcotic when arrested, (5) whether
he possessed other contraband when arrested, (6) whether he made incriminating
statements when arrested, (7) whether he attempted to flee, (8) whether he made
furtive gestures, (9) whether there was an odor of contraband, (10) whether
other contraband or drug paraphernalia were present, (11) whether he owned or
had the right to possess the place where the contraband was found, (12) whether
the contraband was found in an enclosed place, (13) whether he was found with a
large amount of cash, (14) whether his conduct indicated a consciousness of
guilt, (15) whether he made incriminating statements connecting himself to the
contraband, (16) the quantity of the contraband, and (17) whether he was
observed in a suspicious area under suspicious circumstances.  Evans,
202 S.W.3d at 162 n.12; Lassaint v. State,
79 S.W.3d 736, 740-41 (Tex.App.--Corpus Christi 2002, no pet.).  These are simply some factors which may
circumstantially establish the legal sufficiency of the evidence to prove
knowing “possession.”  Evans, 202 S.W.3d at 162 n.12.  They are not a litmus test.  Id.

Review of the Evidence

Roland Smith, an investigator with the Hood County Sheriff’s Office,
received a tip that there was a “drug house” located in a Granbury
subdivision.  Smith and Investigator
James Luckie went to the house one afternoon to conduct surveillance.  Smith saw an individual named Marcus Dunson
leave the residence in a vehicle and he informed Investigator Clark who was
waiting in his vehicle outside of the subdivision.  Clark observed Dunson run a stop sign and
initiated a traffic stop.  Smith and
Luckie had followed Dunson and they arrived at the stop as it occurred.  Dunson was arrested for possession of
methamphetamine.  

During the traffic stop, another vehicle pulled up.  The driver, Sheila Hardy, began yelling that
her teenage son had been kidnapped and was in the house that the officers had
been watching.  Hardy explained that she
had filed a runaway report.  After
verifying that a runaway report had been filed, Clark and Luckie returned to
the house to try to make contact with the juvenile.  When they arrived, Appellant was in his
driveway working on his truck.  Hardy’s
son and another individual, Mark Baker, were standing at the front door.  When Baker saw the officers, he yelled
“Police!” and Appellant hid under his truck until one of the officers made him
come out.  The officers arrested Baker
for a parole violation and they took the juvenile into custody after
determining that he was Hardy’s son.  The
juvenile told the officers that he needed to go into the house because he was
cooking something on the stove.  Appellant
likewise asked if the juvenile could go back into the house to turn off the
stove.  Clark accompanied him inside
because he feared the juvenile would attempt to run.  Clark walked through the living area into the
kitchen and saw drug paraphernalia, including marihuana “siftings” and rolling
paper, in plain view.  Clark secured the
house and arrested Appellant for harboring a runaway.  

The officers returned with a search warrant and searched the house.  Outside of the residence, the officers found
a surveillance camera focused on the front door of the house and it was
connected to a computer located in Appellant’s bedroom.  In that bedroom, they found in a desk drawer a
small amount of methamphetamine in a baggie[1]
and paraphernalia for using the methamphetamine, including spoons used to heat
methamphetamine, a cotton ball used to filter the methamphetamine as it is
drawn into a syringe, and syringes. 
Additionally, they found a marihuana pipe.  In Dunson’s bedroom, the officers found a
bank bag containing several small baggies used to package methamphetamine for
sale, a methamphetamine pipe, a marihuana grinder, and packaged syringes.  They also found scales that could be used to
weigh methamphetamine.  

James Luckie interviewed Appellant after he was arrested.  Appellant told Luckie that he had been
smoking methamphetamine twice a month for fourteen years and he had received
methamphetamine from Dunson in exchange for free rent.  Appellant told Luckie that his sister owned
the house but he was in control of the premises and its contents.  He knew the methamphetamine was in the desk
drawer but he claimed the methamphetamine was not his.  Appellant told Luckie that his bedroom was
actually a community area of the house and all of the residents used the
desk.  

Appellant
maintains that the evidence showed that his bedroom and the desk were used by
all of the residents, but he fails to view the evidence in the light most
favorable to the verdict.  Investigator
Smith specifically testified that he determined through his investigation that
the bedroom in question was Appellant’s room. 
Furthermore, access by the other residents does not preclude a finding
that Appellant possessed the methamphetamine. 
Our task is to examine the evidence to determine if there are sufficient
links that would permit a conclusion that he knowingly possessed the
methamphetamine.  

Appellant
argues that several of the affirmative link factors are not present.  But an appellate court should not focus on
the absence of certain affirmative links; it should consider the logical force
of the links that are present.  Edwards v. State, 178 S.W.3d 139, 144
(Tex.App.--Houston [1st Dist.] 2005, no pet.).  It is not the number of links that is
dispositive, but rather the logical force of all of the evidence, both direct
and circumstantial.  Evans, 202 S.W.3d at 162.  Several of the affirmative link factors
are present here.  Appellant did not own
the house but he was in control of it and he knew that the methamphetamine was
in his bedroom in an enclosed place, a desk drawer, along with paraphernalia used
to inject the methamphetamine.  Appellant’s
control of the house gives rise to a reasonable inference that he had care,
custody, or control of the methamphetamine found in a desk drawer in his
bedroom.  See Evans, 202 S.W.3d at 163. 
The probative force of this evidence is increased by the presence of the
paraphernalia and Appellant’s admission that he had used methamphetamine on a
regular basis for many years and he allowed Dunson to stay at the house
rent-free in exchange for methamphetamine. 
See Joseph v. State, 897 S.W.2d 374, 376 (Tex.Crim.App. 1995)(presence
of drug paraphernalia in home with contraband supported conclusion the
defendant knew he possessed cocaine).  Appellant
told the officers that the methamphetamine found in the desk was not his but
that assertion is contrary to his admitted regular usage of
methamphetamine.  His claim of innocence
is also inconsistent with his behavior when the officers arrived.  Appellant exhibited a consciousness of guilt
because he attempted to hide under his truck when Baker yelled “Police!”  Further, a surveillance camera aimed at the
front door of the house was connected to Appellant’s computer located in his
bedroom.  The surveillance camera is not
only evidence of consciousness of guilt, but it also demonstrates an effort by
Appellant to exercise care, custody, and control of the methamphetamine because
it would permit Appellant to see who was at the front door without actually
opening the door.

Taken
in the light most favorable to the verdict, the evidence is legally sufficient
to permit a rational trier of fact to find beyond a reasonable doubt that
Appellant knew that the substance found in his bedroom was methamphetamine and
he exercised control, management, or care over it.  We overrule Appellant’s sole issue on appeal
and affirm the judgment of the trial court.

 

May 16, 2012                                      ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish) 

 











[1]  The baggie contained .02 grams of
methamphetamine.