# NO. 12-23-00209-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY WAYNE TENNISON,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Bobby Wayne Tennison appeals his conviction for assault/family violence by impeding breath or circulation. In a single issue, Appellant asserts the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

Appellant was charged by indictment with assault/family violence by impeding breath or circulation.[1] The indictment further alleged that Appellant had two previous felony convictions, enhancing the punishment range.[2] Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury ultimately found Appellant "guilty." Appellant elected to have the trial court assess punishment. After the sentencing portion of trial, the trial court assessed punishment at forty-five years imprisonment. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(b) (West Supp. 2023).

[2] *See id.* § 12.42(d) (West 2019).

In his sole issue, Appellant contends the evidence is legally insufficient to support his conviction. Specifically, he urges that because the victim failed to testify, the evidence fails to prove that he actually impeded her breath or circulation.

**Standard of Review**

The **_Jackson v. Virginia_** legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. **_Brooks v. State_**, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); _see_ **_Jackson v. Virginia_**, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. _See_ **_Jackson_**, 443 U.S. at 319, 99 S. Ct. at 2789; _see also_ **_Johnson v. State_**, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

We examine the evidence in the light most favorable to the verdict. _See_ **_Jackson_**, 443 U.S. at 320, 99 S. Ct. at 2789; **_Johnson_**, 871 S.W.2d at 186. The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. **_Brooks_**, 323 S.W.3d at 899; _see also_ **_Jackson_**, 443 U.S. at 319, 99 S. Ct. at 2789; **_Penagraph v. State_**, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). We give full deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. **_Hooper v. State_**, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. **_Brooks_**, 323 S.W.3d at 899 n.13; **_Clayton v. State_**, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. **_Hooper_**, 214 S.W.3d at 13. Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. _See id_. Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. **_Id_**. at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. **_Id_**. An inference is a conclusion reached by

considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id*. at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id*.

## Applicable Law

To prove Appellant guilty of assault involving family violence by impeding breath or circulation as charged in this case, the State was required to prove that Appellant (1) was or had been in a dating relationship with the victim, and (2) intentionally, knowingly, or recklessly impeded the victim's normal breathing or blood circulation by applying pressure to her throat or neck. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B) (West Supp. 2023).

A person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result[;]" a person acts knowingly "when he is aware of the nature of his conduct or that the circumstances exist[;]" and a person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id*. § 6.03(a), (b), (c) (West 2021). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(a)(8) (West Supp. 2023). The jury may infer intent from circumstantial evidence, such as the defendant's acts, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

A victim's testimony alone can provide sufficient evidence to support a conviction of felony assault of a family member by strangulation, and the evidence need not show that the victim lost consciousness or was completely unable to breathe. *See Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016). Thus, "any hindrance, obstruction, or impediment for any amount of time to one's breathing or blood flow is per se a bodily injury and therefore sufficient to satisfy family-violence assault." *Philmon v. State*, 609 S.W.3d 532, 537 (Tex. Crim. App. 2020) (discussing the holding in *Marshall* and noting that "[t]his is an exceptionally low bar").

**Analysis**

On appeal, Appellant urges the State lacked "evidence to prove that the complaining witness ever experienced actual occlusion, such as coughing or difficulty breathing; or that she had symptoms indicating blood flow impairment, such as feeling faint, dizzy, tingling, or unconsciousness."[3]

The State elicited evidence regarding the victim's injuries from Deputy Barron Wedgeworth of the Smith County Sheriff's Office. Wedgeworth testified that he responded to a 911 call at the victim's residence in February 2021. He was familiar with the victim and Appellant, having previously been dispatched to the same location on a domestic violence call. In the previous interaction, the victim refused to give a statement and Appellant was not arrested. When Wedgeworth arrived on the scene in February 2021, the victim and her son appeared "red, distraught." Appellant was not present because he fled into the woods next to the property. Wedgeworth testified that the son had red marks on his arm and the victim had fingerprints on her neck and claimed she could not turn her neck to the side. Wedgeworth testified that the victim told him she was "foaming at the mouth because she couldn't breathe." As part of his investigation, Wedgeworth took photographs of the victim and her injuries. The photographs, which were admitted into evidence, showed fingerprints on both sides of her neck. Wedgeworth testified that, based on his experience with domestic violence cases, the marks suggested that the victim was choked with "significant pressure for some time." He further testified that to leave fingerprint marks that stay on a victim for even "only five minutes, you have to put pretty significant force." Based on the fingerprints, Wedgeworth believed it "was a pretty intensive choke." In his opinion, based on his training and experience, the victim's breath and blood flow were impeded by Appellant's actions.

Appellant points to the fact that the victim did not appear or testify at trial as support for his assertion that there is no evidence that he actually impeded her breath or circulation. However, the jury can draw reasonable inferences as to a victim's injuries without the victim's testimony. *See Arzaga v. State*, 86 S.W.3d 767, 778-79 (Tex. App.—El Paso 2002, no pet.) (photographic evidence of injuries sufficient to prove bodily injury when victim did not testify and no other witnesses testified to pain); *see also Felder v. State*, No. 03-13-00707-CR, 2014 WL 7475237, at *2-4 (Tex. App.—Austin Dec. 19, 2014, no pet.) (mem. op., not designated for

---

[3] Appellant does not challenge the other elements of the offense.

publication) (evidence sufficient to show appellant held daughter in headlock, choking her and rendering her unable to speak or sufficiently breathe, although daughter did not testify).

Here, the jury received photographic evidence of the victim's injuries along with Wedgeworth's testimony. Based on the evidence at trial, the jury could reasonably conclude that Appellant applied sufficient pressure with his hands to leave fingerprint marks on the victim's neck and, therefore, she could not breathe. As sole judge of the weight and credibility of the evidence, the jury bore the burden of resolving any conflicts in the evidence and deciding the credibility of the witnesses' testimony. *See Brooks*, 323 S.W.3d at 899; *see also Hooper*, 214 S.W.3d at 13. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found each element of assault-family violence by impeding breath or circulation beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A)-(B). We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 21, 2024**

**NO. 12-23-00209-CR**

**BOBBY WAYNE TENNISON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0964-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*