Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



PATTI LOU GRAHAM,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00315-CR

Appeal from the

County Court at Law No. 4

of Collin County, Texas

(TC# 4-80419-02)




O P I N I O N

           This is an appeal from a conviction for the offense of driving while intoxicated. 
Appellant pleaded guilty and the court assessed punishment at eighteen months’ community
supervision and a fine of $500. We reverse the order of the trial court.
I. SUMMARY OF THE EVIDENCE
           At the hearing on Appellant’s motion to suppress the evidence, Officer James
Matthew Quillin of the Plano Police Department, testified that on January 20, 2002, at
approximately 11:30 p.m., he observed Appellant on Preston Road driving northbound. He
saw Appellant strike a curb with the right tires of the vehicle. Officer Quillin testified that
he thought he needed to make sure Appellant was alright and to see if she might be
intoxicated. The officer turned on the overhead lights and conducted a traffic stop. Upon
contacting Appellant, he observed various signs of intoxication.
           On cross-examination, the witness testified that Preston Road has six lanes. Three
lanes carry the southbound traffic and three lanes carry the northbound traffic. A median
separates the northbound and southbound lanes. When Officer Quillin stopped Appellant,
she was driving in the far right northbound lane. There is a raised curb on the extreme right
side of the northbound lanes. The tires struck the curb for about two seconds. Officer
Quillin did not know who was driving the vehicle. He testified that he did not know if she
had been consuming alcoholic beverages. The witness stated that the vehicle stayed within
its lane but moved to the right and momentarily struck the curb.
II. DISCUSSION
           In Appellant’s sole issue, she asserts that the court erred by overruling her motion to
suppress the evidence because the stop of her vehicle violated the Fourth Amendment to the
Constitution of the United States. Almost total deference is given to the trial court’s
determination of historical facts in a suppression hearing by a reviewing court. State v. Ross,
32 S.W.3d 853, 856 (Tex. Crim. App. 2000); O’Hara v. State, 27 S.W.3d 548, 550 (Tex.
Crim. App. 2000). The trial judge is therefore the exclusive judge of witness credibility, and
may believe or disbelieve any, part, or all of any witness’s testimony. Cantu v. State, 817
S.W.2d 74, 77 (Tex. Crim. App. 1991); Neumuller v. State, 953 S.W.2d 502, 512 (Tex. App.--El Paso 1997, pet. ref’d). The appellate court must also review the evidence in the light
most favorable to the trial court’s ruling and cannot reverse the trial judge’s decision on the
admissibility of evidence absent a clear abuse of discretion. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990); see Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.
Crim. App. 2000). Only the trial court’s application of the law is reviewed under a de novo
standard of review. O’Hara, 27 S.W.3d at 550. We affirm the trial court’s ruling if it is
correct under any theory of law. Laca v. State, 893 S.W.2d 171, 177 (Tex. App.--El Paso
1995, pet. ref’d); Romero, 800 S.W.2d at 543. If, as in this case, no findings of fact were
filed, we must view the evidence in the light most favorable to the trial court’s ruling and will
uphold the ruling on any theory of law applicable to the case. Ross, 32 S.W.3d at 855-56.
           Initially, we must address the State’s contention that Appellant has failed to preserve
on appeal her contention that the stop of her vehicle was invalid because she did not raise
that matter in her written motion to suppress the evidence. To preserve error, a request,
objection, or motion must state the grounds of the complaint with sufficient specificity to
make the trial court aware of the complaint. Tex. R. App. P. 33.1(a). If the objection made
in the trial court differs from the complaint made on appeal, a defendant has not preserved
any error for review. Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). In the
present case, after the close of evidence , Appellant’s counsel argued to the court that the stop
was invalid as it was not a valid response to a community care taking function and there was
no proof of a traffic violation or a reasonable suspicion of intoxication. Accordingly,
Appellant has preserved the issue of the validity of the stop on appeal.
           We next address the contention that Officer Quillin had reasonable suspicion to stop
Appellant’s vehicle due to the possibility of intoxication. In order to stop the vehicle, the
officer needed to have specific and articulable facts known to the officer coupled with his
training, general experience, and rational inferences from those facts such that it would
objectively justify the reasonable conclusion that the action taken by the officer was
appropriate. Davis v. State, 947 S.W.2d 240, 243-44 (Tex. Crim. App. 1997). In the present
case, the sole evidence concerning intoxication was that the officer felt there was a
possibility of intoxication. There was no action on the part of Appellant aside from striking
the curb that would indicate intoxication. The validity of the stop is not countenanced on the
theory of reasonable suspicion of intoxication. See Ehrhart v. State, 9 S.W.3d 929, 930 (Tex.
App.--Beaumont 2000, no pet.).



           Next we examine the contention that Officer Quillin stopped Appellant under the
auspices of the community caretaking function. Community caretaking functions are totally
divorced from obtaining evidence of a criminal violation and are exceptions to the
requirements of warrants, probable cause, or reasonable suspicion. Wright v. State, 7 S.W.3d
148, 151 (Tex. Crim. App. 1999). A police officer may not properly invoke his community
caretaking function if he is primarily motivated by a non-community caretaking purpose. Id. 
Once it is determined that an officer is primarily motivated by his community caretaking
function, it must then be determined whether the officer’s belief that the defendant needs
help is reasonable. Id. In evaluating whether an officer reasonably believes that a person
needs help, courts may look to a list of four non-exclusive factors: (1) the nature and level
of the distress exhibited by the individual; (2) the location of the individual; (3) whether or
not the individual was alone and/or had access to assistance other than that offered by the
officer; and (4) to what extent the individual, if not assisted, presented a danger to himself
or others. Id. at 152.
           If we assume that Officer Quillin was motivated primarily by the community
caretaking function, we must determine if such a determination on his part was reasonable. 
We note that there was no distress indicated by Appellant aside from her briefly striking the
curb. There is no indication in the evidence that the officer knew Appellant was alone or that
she had access to other assistance. With regard to the momentary striking of the curb, that
in and of itself, without more, does not indicate that Appellant presented a danger to herself
or others. Accordingly, we find that the trial court erred in failing to grant Appellant’s
motion to suppress and sustain Appellant’s sole issue on review.
           Having found error, we proceed to a harm analysis. As a general rule, error in the
admission or exclusion of evidence does not rise to a constitutional level. Arzaga v. State,
86 S.W.3d 767, 776 (Tex. App.--El Paso 2002, no pet.). Therefore, we apply the harmless
error standard found in Tex. R. App. P. 44.2(b). Under this rule, the erroneous admission of
evidence warrants reversal only if the evidence had a substantial and injurious effect or
influence in determining the jury’s verdict. See Morales v. State, 32 S.W.3d 862, 867 (Tex.
Crim. App. 2000); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error
had no influence or only a slight influence on the verdict, it is harmless. Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In assessing the likelihood that the error
adversely affected the fact finder’s decision, we consider everything in the record, including
all testimony and evidence admitted for the jury’s consideration, the nature of the evidence
supporting the verdict, the character of the alleged error, and how the error might have been
considered in connection with other evidence in the case. See Motilla v. State, 78 S.W.3d
352, 355-56 (Tex. Crim. App. 2002). We may also consider the State’s theory of the case,
any defensive theories, closing arguments, and voir dire. See id.; Arzaga, 86 S.W.3d at 776.
           Appellant was charged with driving while intoxicated. In order to convict Appellant
of that offense, the State necessarily had to show that Appellant was intoxicated while she
was driving the vehicle. Absent the evidence obtained from the illegal stop, the State had no
other evidence to prove the offense.
           We reverse the order of the trial court denying Appellant’s motion to suppress the
evidence and remand the cause to the trial court for proceedings not inconsistent with this
opinion.

                                                                  RICHARD BARAJAS, Chief Justice
January 27, 2005

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.
Larsen, J., not participating

(Do Not Publish)