Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
BYRON DOUGLAS JACKSON,                    )                  No. 08-05-00135-CR
)
                                    Appellant,                        )                  Appeal from
)
v.                                                                          )                  292nd District Court
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0426837-NV)

O P I N I O N

            Byron Douglas Jackson appeals his conviction of assault on a public servant. A jury found
Appellant guilty and the court assessed his punishment at imprisonment for a term of four years. We
affirm.
FACTUAL SUMMARY
            On July 4, 2004, D.S. Weand, a Garland police officer, was working in an off-duty, part-time 
position at a Wal-Mart store in Garland. Weand, dressed in his uniform, worked door security at the
store entrance. On this particular day, Weand was scheduled to work from 6 p.m. until 6 a.m. and
he recalled that the store was extremely busy that evening due to the holiday. At approximately
10:30 p.m., a customer service manager brought Weand a check and an identification card presented
by two customers. Weand immediately determined that the identification card was a fake. 
Consequently, he approached the customers, Juana Page and Appellant, who appeared to be looking
for a way out of the store. Page confirmed that she was the person pictured on the card in Weand’s
hand. When asked for identification, Appellant handed Weand an identification card but the
photograph had been cut off of the card. Weand explained that there was a problem with the check
and identification card and he asked both Appellant and Page to accompany him to the security office
so that they could talk privately. 
            Weand had Appellant and Page sit at opposite ends of the table in the security office. Weand
called for two additional back-up units in order to keep Page and Appellant separated while he
questioned them about the check and identification card. As Weand was running criminal history
checks on Appellant and Page, Appellant suddenly bolted for the door. Weand dropped the phone,
commanded Appellant not to run, and attempted to grab him. Appellant pushed Weand away and
into a wall, but Weand grabbed him again. Appellant is six feet four inches tall and weighed 300
pounds while Weand is five feet eight inches tall and weighs 215 pounds. Appellant swung at
Weand and struck him in the head, shoulders, and arms during the course of the struggle. As they
fought, the two men lurched out of the security office, through glass doors, and into the store. 
Appellant wrapped his left arm around Weand’s neck and placed him in a headlock. Although he
was in pain, Weand was concerned that Appellant would gain access to his service weapon, so he
attempted to free himself from the headlock by punching Appellant in the abdomen. Appellant, who
was much taller than Weand, did not release his grip but instead began forcing him down to the
ground. At that point, Weand felt Appellant’s feet suddenly go out from under him. 
            A customer, Christopher Webb, heard the sounds of a fight and saw Appellant holding a
uniformed police officer in a headlock and attempting to push him to the floor so that he could get
out of the store. Because Appellant had the upper hand and no one else was helping the officer,
Webb decided to help. At first, Webb attempted to pull Appellant off of the officer but that was
unsuccessful. Webb then grabbed Appellant’s right leg and pulled it out from beneath him, causing
him to fall to the ground on his back. Appellant also released his grip on Weand. 
            While Webb held onto Appellant’s legs, Weand crawled on top of Appellant, who had landed
on his back, and moved into a position to strike Appellant’s face. At that point, Appellant gave up
and asked Weand not to hit him, but he remained uncooperative as Weand attempted to handcuff
him. Weand looked in the security office and saw that Page had fled. Other officers arrested her
near a restaurant about 140 yards from Wal-Mart. As a result of his struggle with Appellant, Weand
suffered a lump on his head, abrasions to his lip, wrist, elbow, and knees, and a bloody nose. 
            Page testified at trial that Appellant went with her and another woman to Wal-Mart, but he
did not know anything about her attempt to pass a forged check. Appellant was not present at the
register and approached her only after the Wal-Mart employee declined her check. Weand then
approached them about the check and asked them to follow him to the security office. While Weand
was on the phone, both she and Appellant attempted to leave the security office. She claimed she
had not seen the struggle between Appellant and Weand because she ran out of the store.
            Appellant testified that he did not go into the store at the same time as Page. At some point,
Page walked over to Appellant and told him that she needed to find an ATM because her check had
been declined. Moments later, Weand approached them and asked Page about the identification card
and check she had presented at the register. Appellant handed Weand a torn identification card and
a bus card. Appellant and Page went with Weand to the security office, but he decided to leave when
Weand began checking their criminal history because he had outstanding warrants for unpaid traffic
tickets. Appellant admitted that he forced his way out of the security office but he denied placing
Weand in a headlock or attempting to push him to the ground. He also denied trying to strike the
officer. He believed Weand sustained the bloody nose when they both fell after someone pulled
Appellant’s leg out from under him. Appellant admitted that he had convictions for theft by check,
terroristic threat, burglary of a vehicle, arson, and multiple convictions for unauthorized use of a
motor vehicle.
            The jury rejected Appellant’s defense and convicted him of assaulting Officer Weand by
placing him in a headlock as alleged in the indictment. Appellant timely filed a notice of appeal. 
SUFFICIENCY OF THE EVIDENCE 
            In Issues One and Two, Appellant contends that the evidence is legally and factually
insufficient to prove that Officer Weand suffered bodily injury as a direct result of being placed in
a headlock.
Standards of Review
            In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on
other grounds, Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000). We do not resolve any
conflict of fact or assign credibility to the witnesses, as it was the function of the trier of fact to do
so. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d
839, 843 (Tex.Crim.App. 1991). Instead, our duty is only to determine if both the explicit and
implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a
light most favorable to the verdict. Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict. Matson, 819 S.W.2d at 843. Further, the
standard of review is the same for both direct and circumstantial evidence cases. Geesa, 820 S.W.2d
at 158.
            In reviewing factual sufficiency of the evidence to support a conviction, we are to view all
the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In Zuniga v.
State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), the Court of Criminal Appeals clarified the
factual sufficiency standard and linked the appellate standard of review to the beyond a reasonable
doubt burden of proof. There is only one question to be answered in a factual sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt
beyond a reasonable doubt? Zuniga, 144 S.W.3d at 484. However, there are two ways in which the
evidence may be insufficient. Id. First, when considered by itself, evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, there may
be both evidence supporting the verdict and evidence contrary to the verdict. Id. Weighing all the
evidence under this balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand. 
Id. at 485. This standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. 
Id. Stated another way, evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard. Id. In performing this review,
we are to give due deference to the jury verdict, as well as to determinations involving the credibility
and demeanor of witnesses. Zuniga, 144 S.W.3d at 481.
Bodily Injury
            A person commits assault on a public servant if he intentionally, knowingly, or recklessly
causes bodily injury to a public servant while the public servant was lawfully discharging an official
duty. Tex.Penal Code Ann. § 22.01(a)(1), (b)(1)(Vernon Supp. 2005). The Penal Code defines
“bodily injury” as physical pain, illness, or any impairment of physical condition. Tex.Penal Code
Ann. § 1.07(a)(8)(Vernon Supp. 2005). Bodily injury encompasses even relatively minor physical
contact, but it must constitute more than mere offensive touching. Lane v. State, 763 S.W.2d 785,
786-87 (Tex.Crim.App. 1989). Bodily injury can be proven by the victim’s testimony that he
suffered physical pain. Lane, 763 S.W.2d at 786-87. Additionally, a factfinder may infer that a
victim suffered pain from the existence of a cut, bruise, or scrape on the victim’s body. Arzaga v.
State, 86 S.W.3d 767, 778 (Tex.App.--El Paso 2002, no pet.).
            The indictment alleged, and the jury found, that Appellant caused Officer Weand bodily
injury by placing him in a headlock Weand testified that he felt physical pain when Appellant had
him in the headlock. This evidence alone is legally sufficient to prove the bodily injury element. 
See Lane, 763 S.W.2d at 786-87. Additionally, the jury had before it evidence that Appellant had
such a firm grip on Weand’s head that he would not release him even though Weand struck him
repeatedly in the lower abdomen and Webb attempted to pull him off. As a result of the struggle,
Weand’s contact lens was forced out of his right eye and he suffered a bloody nose and cut lip. 
Photographs taken after the assault depict the injuries to Weand’s face. The jury could have inferred
from this evidence that Weand suffered physical pain as a result of his struggle with Appellant. See
Arzaga, 86 S.W.3d at 778. Issue One is overruled.
            We have also considered the evidence in a neutral light. Appellant argues that the evidence
is factually insufficient because Weand, in essence, glossed over the issue of physical pain during
his testimony. When testifying about being in the headlock, Weand said that it caused him physical
pain but because he feared that Appellant would get his service weapon, he continued to fight back. 
Appellant reasons that Weand did not “truly” suffer physical pain since his testimony focused more
on his efforts to free himself from Appellant’s grip. While Weand did not focus excessively on the
pain he suffered, he plainly testified that the headlock caused him physical pain. Weand’s testimony
and the photographs depicting injuries to his face certainly described something more than mere
offensive contact, and therefore, the evidence satisfied the broad definition of bodily injury beyond
a reasonable doubt. We conclude that the evidence is factually sufficient to prove this element. 
Issue Two is overruled.
INEFFECTIVE ASSISTANCE
            In Issue Three, Appellant complains that he was denied the effective assistance of counsel
at trial because his attorney failed to request an instruction on the lesser included offense of resisting
arrest. The proper standard for determining claims of ineffective assistance under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that
counsel’s performance was deficient, to the extent that counsel failed to function as the “counsel”
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).
Under the second prong, the defendant must establish that counsel’s deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson,
877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that
but for counsel’s unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.
Failure to make the required showing of deficient performance defeats the ineffectiveness claim. 
Jackson, 877 S.W.2d at 771.
            An appellant challenging trial counsel’s performance faces a difficult burden and “a
substantial risk of failure.” See Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). In
the absence of a record demonstrating the basis for trial counsel’s action or inaction, a defendant will
rarely be able to rebut the presumption that counsel’s action or inaction constituted reasonable trial
strategy. See Thompson, 9 S.W.3d at 814.
            Appellant did not raise the ineffective assistance of counsel claim in his motion for new trial. 
Because the record is silent regarding counsel’s trial strategy, we must presume that he had a
plausible reason for not requesting an instruction on the lesser-included offense of resisting arrest
and that he acted within the range of reasonable professional assistance. Several courts, including
this one, have held that the failure to request an instruction on a lesser-included offense can be a
valid and reasonable trial strategy. See e.g., Williams v. State, No. 08-02-00310-CR, 2004 WL
309265 at *6 (Tex.App.--El Paso, Feb. 19, 2004, pet. ref’d); Wood v. State, 4 S.W.3d 85, 87
(Tex.App.--Fort Worth 1999, pet. ref’d); Davis v. State, 930 S.W.2d 765, 768 (Tex.App.--Houston
[1st Dist.] 1996, pet. ref’d); Lynn v. State, 860 S.W.2d 599, 605 (Tex.App.--Corpus Christi 1993,
pet. ref’d). The “all or nothing” strategy of forcing the jury to choose between the greater offense
and acquittal without the alternative of a lesser-included offense, is risky but sometimes successful. 
See Lynn, 860 S.W.2d at 603. Because Appellant has failed to rebut the strong presumption that
counsel’s decision not to request the instruction was sound trial strategy, he has not carried his
burden under Strickland. Issue Three is overruled.
SUA SPONTE INSTRUCTION
            In his final issue, Appellant contends he was denied his right to a fair trial because the trial
court did not sua sponte instruct the jury on the lesser-included offense of resisting arrest. Appellant
acknowledges that he did not request the instruction or object to its absence from the charge, but he
contends that the trial court had a duty to instruct the jury even absent a request.
            In order to preserve his complaint regarding the exclusion of the lesser-included offense
instruction from the charge, Appellant must have requested the jury instruction or objected to its
omission. See Kinnamon v. State, 791 S.W.2d 84, 96 (Tex.Crim.App. 1990), overruled on other
grounds by Cook v. State, 884 S.W.2d 485, 491 (Tex.Crim.App. 1994); Thomas v. State, 701 S.W.2d
653, 656 (Tex.Crim.App. 1985). A trial court does not have a duty to sua sponte instruct the jury
on a defensive issue. See Posey v. State, 966 S.W.2d 57, 61-62 (Tex.Crim.App. 1998). Several
courts have held that a lesser-included offense instruction is a defensive issue under Posey and have
refused to address error in the exclusion of the instruction unless the appellant preserved error. See
e.g., Darnes v. State, 118 S.W.3d 916, 921 (Tex.App.--Amarillo 2003, pet. ref’d); Paz v. State, 44
S.W.3d 98, 100 (Tex.App.--Houston [14th Dist.] 2001, pet. dism’d untimely filed); Hernandez v.
State, 10 S.W.3d 812, 821 (Tex.App.--Beaumont 2000, pet. ref’d). We agree and conclude that
Appellant failed to preserve error. We overrule Issue Four and affirm the judgment of the trial court.


June 22, 2006                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)