COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TONY RENARD DUNN, | § | |
| | | No. 08-08-00015-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 283rd District Court |
| THE STATE OF TEXAS, | § | |
| | | of Dallas County, Texas |
| Appellee. | § | |
| | | (TC# F-0700494-T) |
| | § | |

**O P I N I O N**

After a bench trial, the trial court found Appellant, Tony Dunn, guilty of family-violence assault, enhanced by a previous conviction for the same, and upon finding Appellant's prior felony conviction true, sentenced him to ten years' confinement and a $2,500 fine. On appeal, Appellant brings three issues contending that the evidence was factually insufficient to support his conviction, and that the evidence was legally and factually insufficient to support the trial court's rejection of the parental-justification defense. We affirm.

**BACKGROUND**

At age 14, R.D., Appellant's son, received detention after arguing with one of his teachers at school. That teacher relayed the disciplinary action to Appellant and R.D.'s mother, Mrs. Dunn. After speaking with the teacher on October 14, 2005, Appellant and Mrs. Dunn went to speak to R.D. in his bedroom. Appellant and Mrs. Dunn left the bedroom, and Appellant went to retrieve a belt with which to spank R.D. According to Appellant, when he returned to the bedroom, R.D. resisted and grabbed him around the waist. Appellant stated that he in turn grabbed R.D. around his throat with his hand and pushed R.D. back in an attempt to hold him with one hand and spank him

with the other. Appellant alleged that R.D. rushed and slammed him against the wall, causing a hole in the wall. Mrs. Dunn testified that she heard a ruckus, a spanking sound, and the sound of the entertainment center in R.D.'s room being "run into," but she did not observe the encounter. She did, however, observe a hole in the wall after the incident. Both Appellant and Mrs. Dunn testified that they had experienced problems with R.D. in the past and that he had been disrespectful at school. Appellant also testified that he had previously been convicted of family violence assault wherein R.D.'s brother had been the complainant.

R.D. testified that he had been sleeping when Appellant entered his bedroom. R.D. stated that Appellant picked him up by the leg, slammed him down head first, pulled his hair, punched R.D. in the face with his fist, pushed him backwards into an entertainment center, grabbed him by the neck with one hand, thereby choking him for two to three minutes, shoved R.D.'s head into a wall, thereby creating a hole, and threw him down again. Although he was provided an opportunity to refresh his memory by reviewing his written police statement, R.D. stated that he did not remember Appellant "head-butting" him in the lip. R.D. testified that he did experience pain and cried as a result of the encounter. He then packed some clothes, left the house, and walked five or six miles to the home of his friend, Gaven.

Upon his arrival, Gaven's mother, Mrs. Mitchell, observed that R.D. had red eyes and was teary as he informed her that Appellant had beaten him up. Mrs. Mitchell also observed scratch marks and bruising on RD.'s neck, and she noted that the bruising "looked like someone had their fingers around his neck" with fingernail marks "dug in" at the ends. R.D. stayed with the Mitchell family for five days. Over the course of the first few days, Mrs. Mitchell was unsuccessful in her attempts to speak with Mrs. Dunn. When she left messages with the man who answered the phone, Mrs. Mitchell did not state that R.D. was at her home as she did not feel comfortable letting

Appellant know his whereabouts. When Mrs. Mitchell and her husband were not contacted by Mrs. Dunn within a few days, they notified the police. Mrs. Mitchell testified that R.D. had never been unruly and she had never had any problems with him when he stayed at her home.

Mesquite Police Officer Tommy Moore interviewed R.D. on October 17, 2005, three days after the assault, and observed that R.D. had a dark three-finger bruise to his neck with fingernail marks at the tip. He thereafter made a report and transferred it to the criminal investigators for follow-up.

In his closing argument at trial, Appellant's trial counsel noted that R.D. did not respect his parents and refused to be disciplined. Trial counsel further noted the alleged inconsistencies in R.D.'s testimony such as R.D.'s inability to recall being head butted, the fact that he did not have any scars on his lip or face, nor his other reports made to police, as well as other arguments.

## DISCUSSION

### Sufficiency of the Evidence

Appellant's first issue contends that the evidence was factually insufficient to establish that Appellant committed the acts alleged in the indictment. His second and third issues complain that the evidence was legally and factually insufficient to support rejection of the "parental justification" defense. We disagree.

### Standard of Review

In a legal-sufficiency analysis, we consider all the evidence in a light most favorable to the verdict and determine whether a rational juror could have found the essential elements proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In so doing, we afford due deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh

the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13. Indeed, the trier of fact, not the appellate court, is free to accept or reject all or any portion of a witness's testimony. *Belton v. State*, 900 S.W.2d 886, 897 (Tex. App. – El Paso 1995, pet. ref'd). Our only duty is to determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 421-22 (Tex. Crim. App. 1992). Thus, any inconsistencies in the evidence are resolved in favor of the verdict. *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991), *quoting Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

In a factual-sufficiency analysis, we consider all evidence in a neutral light, and we will only find the evidence insufficient if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). However, we cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards simply because, based on the quantum of evidence admitted, we would have voted to acquit. *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Nor may we declare, based on a conflict in the evidence, that a new trial is justified simply because we disagree with the fact finder's resolution of that conflict. *Id.* Rather, a new trial will only be granted when we determine, on an objective basis, that the great weight and preponderance of the evidence contradicts the fact finder's verdict. *Id.* Accordingly, our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *see also Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

Under either standard, we consider all of the evidence, whether admissible or inadmissible. *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006).

*Application of Law to the Facts*

In his first issue, Appellant challenges the factual sufficiency of the evidence to support his conviction. However, the trial court, not us, is the sole judge of credibility. *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) (while the court of appeals may disagree with the fact finder, it should afford the appropriate deference in order to avoid substituting its judgment for that of the fact finder); *Vasquez v. State*, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002) (an appellate court should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility of witness testimony).

Appellant was charged by indictment with felony family violence assault resulting from a physical altercation with his son, R.D. Therefore, it was the responsibility of the State to prove that (1) Appellant (2) intentionally, knowingly, or recklessly (3) caused (4) bodily injury (5) to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2009). The offense is enhanced to a third-degree felony if the State also establishes that the victim is a member of the defendant's family or household, and that the defendant has been previously convicted of domestic violence. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon Supp. 2009). The Texas Penal Code defines bodily injury as physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (Vernon Supp. 2009). Such definition has been held to be broad and to encompass even relatively minor physical contacts, so long as the contact was more than just offensive touching. *See Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989)*; Arzaga v. State*, 86 S.W.3d 767, 778-79 (Tex. App.–El Paso 2002, no pet.).

Appellant challenges the credibility of R.D.'s testimony and in support thereof directs us to testimony that is or may be considered to be either false, conflicting, or that otherwise demonstrates R.D.'s bad character. Appellant thereby contends that the evidence was factually insufficient to prove that he committed the acts alleged in the indictment.

Although Appellant's trial counsel directed the trial court's attention to several inconsistencies in R.D.'s testimony and to Appellant's and Mrs. Dunn's testimony regarding R.D.'s character, R.D.'s testimony showed Appellant slammed R.D. down head first, pulled his hair, punched him in the face with his fist, pushed him backwards into an entertainment center, grabbed him by the neck and choked him, shoved his head into a wall with sufficient force to create a hole, and threw him down again. One witness observed marks on R.D.'s neck within hours of the altercation, and another witness observed dark bruising to R.D.'s neck three days later. Moreover, Appellant testified that he did grab R.D.'s neck with his hand. R.D. testified that he did experience pain and cried as a result of the encounter.

The record in this case fails to demonstrate with any objective basis that the evidence supporting the verdict is so weak as to be manifestly unjust, or that the preponderance of the evidence contradicts the fact finder's verdict. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); *Johnson*, 23 S.W.3d at 11. A conviction is not deemed "manifestly unjust" simply because the reviewing court does not concur with the conviction. *Watson*, 204 S.W.3d at 417. This Court will "not substantially intrude upon the [fact finder's] role as the sole judge of the weight and credibility of witness testimony." *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). Viewed in a neutral light, we hold these facts are factually sufficient to sustain Appellant's conviction. Appellant's first issue is overruled.

In his second and third issues on appeal, Appellant challenges the sufficiency of the evidence,

both legally and factually, to support the trial court's rejection of Appellant's parental-justification defense. Appellant specifically complains: (1) that there was no evidence that R.D. suffered injuries creating a substantial risk of death; (2) that there was no evidence that Appellant used deadly force; and (3) that the trial court erroneously rejected Appellant's parental-justification defense as there was no evidence to support the court's rejection of the defense. We disagree.

The indictment in this case charged Appellant with the offense of assault, which requires a showing of bodily injury such as physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (Vernon Supp. 2009). Consequently, the State was not required to show that R.D. suffered serious bodily injuries such as those that create a substantial risk of death, nor was the State required to show that Appellant used a deadly weapon, as in an aggravated assault. TEX. PENAL CODE ANN. § 1.07(a)(8) (Vernon Supp. 2009). Moreover, contrary to Appellant's contention that there was no evidence that R.D. suffered pain from the injury to his head, R.D. testified that he did feel pain.

The use of non-deadly force by a parent is justified against a child younger than age 18 when and to the degree the actor reasonably believes the force is necessary to discipline the child or to safeguard or promote his welfare. TEX. PENAL CODE ANN. § 9.61(a) (Vernon 2003). "Reasonable belief" is defined as a belief that would be held by an ordinary and prudent man in the same circumstances. TEX. PENAL CODE ANN. § 1.07(a)(42) (Vernon Supp. 2009). Reasonable discipline of a child is a justification and, although not plainly labeled as a defense in accordance with Chapter 2 of the Texas Penal Code, it is a ground of defense in penal law and has the procedural and evidentiary consequences of a defense. TEX. PENAL CODE ANN. § 2.03(e) (Vernon 2003); TEX. PENAL CODE ANN. § 9.61(a) (Vernon 2003). Consequently, the State was not required to affirmatively produce evidence which refutes the claim; rather, the State had the burden to prove its

case beyond a reasonable doubt. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). The trial court's guilty verdict is an implicit rejection of Appellant's defensive theory. *Id.* at 914.

As an appellate court faced with a cold record, we will not substitute our judgment for that of the fact finder. *Johnson*, 23 S.W.3d at 7, 11-12. After reviewing the entire record, we find the evidence legally sufficient to support Appellant's conviction. *See Jackson*, 443 U.S. at 318-19; *Saxton*, 804 S.W.2d at 913. Further, because the evidence supporting the verdict is not so weak, nor is it outweighed by the great weight and preponderance of contrary evidence, that the verdict is clearly wrong or manifestly unjust, we find the evidence factually sufficient to support Appellant's conviction. *See Roberts*, 220 S.W.3d at 524. Accordingly, we overrule Appellant's second and third issues presented for review.

## CONCLUSION

Having overruled Appellant's issues for review, we affirm the judgment of the trial court.

GUADALUPE RIVERA, Justice

January 29, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)