**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**Roberto VILLANUEVA, Appellee.**

**No. 1733.**

Court of Civil Appeals of Texas, Corpus Christi.

June 25, 1981.

Tom Lockhart, James Mardis, Harlingen, for appellant.

Melchor Chavez, Harlingen, for appellee.

## OPINION

NYE, Chief Justice.

This is a workmen's compensation case in which Texas General Indemnity Company, appellant, is appealing the judgment of the trial court which awarded appellee, Roberto Villanueva, $3,741.69 in compensation benefits. Trial was to a jury, and judgment was entered in accordance with the jury findings.

On May 30, 1973, Roberto Villanueva suffered an on-the-job injury to his knee while in the course and scope of employment for PPG Industries, Inc. Villanueva reported the injury to his employer, on the day of the accident, and an accident report was filed. Villanueva continued working after the accident; however, his injury eventually led to his hospitalization and surgery about one year later, in August of 1974. This hospitalization and surgery was paid for by Texas General Indemnity Company under Villanueva's workmens' compensation policy. During the resulting convalescent period, the insurance Company paid Villanueva compensation benefits. On May 8, 1975, Villanueva received a lump sum payment from the Insurance Company for 15% Permanent Partial Disability to his leg. Accompanying this check was a letter which in part read:

"THIS CASE REMAINS OPEN BEFORE THE INDUSTRIAL ACCIDENT BOARD.

Please call our office or the Board if you require additional medical treatment or become disabled as a result of this injury."

Villanueva first saw his attorney on December 8, 1975. A letter was sent to the Industrial Accident Board notifying the board that a compensation claim was pending before the Board, and that Villanueva desired to claim additional compensation. Later, a formal notice of claim was sent on January 26, 1976, to the Industrial Accident Board by his attorney.

The appellant Insurance Company alleges that Villanueva did not file a claim within six months from the date of his injury, and if a claim was filed, good cause did not exist for such a late filing. On appeal appellant Insurance Company is contending that the trial court erred in submitting special issues to the jury because there was no evidence regarding: (1) whether Villanueva believed a claim for compensation had been filed with the Board, (2) that such belief constituted good cause for his delay in the actual filing of a claim, and (3) whether or not good cause existed up to the date of the

filing of his claim. Appellant argues additionally that these issues were improper because there was no evidence as to the date when a claim was filed with the Board.

■ In a workmens' compensation action, the claimant must plead and prove that he timely presented his claim to the Industrial Accident Board within six months after the occurrence of the accident. If there existed a delay in the filing of the claim, the claimant must show that good cause existed for his failure to file a claim within the statutory period. When a claim is not presented within the six-month period, the claimant must show that good cause for late filing continued up until the date when the claim was actually filed. Tex.Rev.Civ.Stat.Ann. art. 8307 § 4a (1979); *Lee v. Houston Fire and Casualty Insurance Corp.*, 530 S.W.2d 294 (Tex.1975); *Texas Employers' Insurance Assoc. v. Herron*, 569 S.W.2d 549 (Tex. Civ.App.—Corpus Christi 1978, no writ).

■ Rule 277, T.R.C.P., requires the trial court to submit the special issues that control the disposition of the case and that are raised by the pleadings and the evidence. In this regard, a trial court is permitted broad discretion in the submission of such special issues. *Wood v. Texas Farmers Insurance Co.*, 593 S.W.2d 777 (Tex.Civ.App.—Corpus Christi 1979, no writ); *State v. Norris*, 550 S.W.2d 386 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *City of Baytown v. Townsend*, 548 S.W.2d 935 (Tex. Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.).

Villanueva testified during the trial that he thought his notice of injury and claim for compensation was filed with the Industrial Accident Board shortly after the accident happened because, "I went into my employer's office and the manager filled out the forms for me which I presumed were sent to Austin. At least, that's what I was told by my employer's representative." The following day, the Insurance Company's representative contacted Villanueva and advised him that everything was taken care of. The record is clear that Villanueva was assured on several occasions by both his employer and the Insurance Company that

"everything would be taken care of." The Insurance Company paid for Villanueva's surgery more than six months after the date of the injury. The Insurance Company also paid him compensation while he was convalescing. The lump sum payment of 15% disability to his right leg was accompanied by a letter which stated that ". . . your case remains open before the Industrial Accident Board . . . ." The letter further stated that if Villanueva became further disabled, he should notify the Insurance Company and the Board. Shortly after Villanueva talked to his attorney, a claim was filed and formal notice given.

■ In order to support the submission of a special issue concerning "good cause" and to uphold its affirmative finding on appeal, there must be evidence that the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. This is a question of fact to be determined by a jury from the evidence. If a claimant relies upon the representations of his employers, or in this case, the employer and his Insurance Company, such reliance, if believed by the jury, is sufficient to justify a claimant's delay in the filing of his claim. *Hawkins v. Safety Casualty Co.*, 207 S.W.2d 370 (Tex. 1948); *Lee v. Houston Fire & Casualty Insurance Corp.*, 530 S.W.2d 294 (Tex.1975); *Texas Employers' Insurance Assoc. v. Herron*, 569 S.W.2d 549 (Tex.Civ.App.—Corpus Christi 1978, no writ). See *Burk Royalty Company v. Walls*, 616 S.W.2d 911 (1981).

After reviewing the entire record, we hold that there was ample evidence present that would support the trial court's submission of the special issues involved and that judgment was properly entered based on the jury's answers. *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Burk Royalty Company v. Walls*, supra. Texas General Indemnity Company's points of error are overruled.

Judgment of the trial court is affirmed.