AFFIRMED; Opinion Filed October 31, 2012.



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01534-CR

**JAMES ALLEN BALL, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 059352**

# OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

James Allen Ball, Jr., appeals the trial court's judgment convicting him of robbery. The jury found Ball guilty of robbery. Ball pleaded true to the enhancement and the jury assessed his punishment at ninety years of imprisonment. Ball raises one issue on appeal arguing the evidence is legally insufficient to support his conviction because it does not establish beyond a reasonable doubt that he caused bodily injury. We conclude the evidence is sufficient. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Officer Thomas Unerfusser responded to a report of a robbery at James Avery's residence.

When he arrived, Avery and a friend, Scott Hamel, were at the residence. He observed that Avery had an injury to his forehead that had a little bit of blood and Hamel had a laceration to his biceps and his finger was bleeding. He also observed that the glass on the front door of the residence had been "pushed in" and the frame around the glass had been broken. In addition, there was evidence that there had been a struggle inside the residence. Avery and Hamel reported that two white men had entered the residence and took Avery's wallet. Later, Hamel identified Ball from a photo line-up as one of the men who entered Avery's residence.

Ball was indicted for robbery. The indictment alleged Ball intentionally, knowingly, and recklessly caused bodily injury to Avery by striking him. The indicted offense was enhanced by a prior conviction. After a trial, the jury found Ball guilty. Ball pleaded true to the enhancement and the jury assessed his punishment at ninety years of imprisonment.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Ball argues the evidence is legally insufficient to support his conviction because it does not establish beyond a reasonable doubt that he caused bodily injury. He claims that Avery did not testify that he suffered any physical pain, illness, or impairment of his physical condition as a result of the injury. Also, Ball contends that Avery was not taken to the hospital, did not request or receive emergency treatment, and did not receive outside medical treatment for his injury. The State responds that the evidence shows Avery was struck on the forehead, his injury bled, he had a scar from the injury, and Avery testified the strike to his head "knocked [him] a little dingy" and might have briefly knocked him out.

### A. Standard of Review

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally

justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Appellate courts are required to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. An appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 672 (2010) (per curiam); *Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Jackson*, 443 U.S. at 319.

### B. Applicable Law

A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of property; appropriation of property is unlawful if it is without the owner's effective consent. TEX. PENAL CODE ANN. § 31.03(a), (b)(1) (West Supp. 2012). A person commits robbery if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011).

"Bodily injury" means physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2012); *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009). This definition appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching. *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). This definition encompasses even relatively minor physical contact if it constitutes more than offensive touching. *Laster*, 275 S.W.3d

at 524; *Lane*, 763 S.W.2d at 786.

Proof of bodily injury is not dependent on the severity of violence used against the victim as long as some resulting physical pain, illness, or impairment of physical condition can be identified. *Lane*, 763 S.W.2d at 787; *see also Bolton v. State*, 619 S.W.2d 166, 167 (Tex. Crim. App. 1981) (evidence of cut sufficient to show bodily injury); *Arzaga v. State*, 86 S.W.3d 767, 778–79 (Tex. App.—El Paso 2002, no pet.) (existence of cut, scrape, or bruise sufficient evidence of physical pain necessary to establish bodily injury within meaning of statute). Testimony that a victim experienced physical pain is not required to prove bodily injury. *Arzaga*, 86 S.W.3d at 778–79. Rather, evidence of a visible injury allows for an inference of pain. *See Arzaga*, 86 S.W.3d at 778 (jury permitted to draw inferences from evidence, including inference that victim actually felt or suffered physical pain); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd) (although victim did not testify he suffered "pain," jury could infer bruises and muscle strain caused "physical pain").

## C. Application of the Law to the Facts

The record shows Officer Unerfusser testified that when he arrived at Avery's residence, he observed a small strike to Avery's forehead between his eyes that had some blood on it. A photograph of Avery's injury showing blood dripping from a small cut on his forehead was admitted into evidence. Avery testified he had a scar from the injury to his forehead. Also, Avery stated when he was struck, "it knocked [him] a little dingy" and that "it might have knocked [him] out."

Even though Avery did not testify he felt pain, the jury could have inferred from the blood, his statement that he was knocked a "little dingy" or may have been "knocked out," and the subsequent scar caused by the strike to his head that Avery suffered physical pain. *See Arzaga*, 86 S.W.3d at 778 (jury permitted to draw inferences from evidence, including inference that victim

actually felt or suffered physical pain); *Goodin*, 750 S.W.2d at 859 (although victim did not testify he suffered "pain," jury could infer bruises and muscle strain caused "physical pain"). Reviewing all of the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have found the essential element of boldily injury to support Ball's conviction for robbery. *See Bolton*, 619 S.W.2d at 167 (evidence of cut sufficient to show bodily injury); *Arzaga*, 86 S.W.3d at 778–79 (existence of cut, scrape, or bruise sufficient evidence of physical pain necessary to establish bodily injury within meaning of statute).

Issue one is decided against Ball.

## III. CONCLUSION

The evidence is sufficient to support Ball's conviction for robbery.

The trial court's judgment is affirmed.

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111534F.U05

–5–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES ALLEN BALL, JR., Appellant

No. 05-11-01534-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 15th Judicial District Court of Grayson County, Texas. (Tr.Ct.No. 059352).
Opinion delivered by Justice Lang, Justices Bridges and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 31, 2012.

DOUGLAS S. LANG
JUSTICE