NO. PD-1608-14

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

**ARIEL MARTINEZ**

**Petitioner,**

**vs.**

**THE STATE OF TEXAS**

RECEIVED IN
COURT OF CRIMINAL APPEALS

JANUARY 16, 2015

ABEL ACOSTA, CLERK

---

Petition for Review of the
Eighth Court of Appeals
Judgment in No. 08-12-00191-CR
affirming conviction in Cause No. 20110D00036
from the 120th Judicial District Court
El Paso County, Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

Ruben P. Morales
Attorney for Petitioner
Texas Bar No. 14419100
718 Myrtle Ave.
El Paso, Texas 79901
915 - 542 - 0388
915 - 225-5132 fax
rbnpmrls@gmail.com

SUBMITTED:   January 5, 2015

# TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ................................................iv

STATEMENT OF THE CASE.................................................................................v

STATEMENT OF PROCEDURAL HISTORY.........................................................v

GROUNDS FOR REVIEW ....................................................................................1

ARGUMENT

    1.  Whether the Eighth Court erred in determining that it was not error
for the State to ask its child forensic interviewer whether or not the
child was consistent during the forensic interview thus implying that
the child was being truthful...... .......................................................................2

PRAYER FOR RELIEF ..........................................................................................8

CERTIFICATE OF SERVICE .................................................................................8

CERTIFICATE OF COMPLIANCE…………………………………………………9

APPENDIX A Eighth Court Opinion .....................................................Attachment 1

# INDEX OF AUTHORITIES

## TEXAS CASES

*Alfaro v. State,* 2014 WL 1017868, *4(Tex. App. – Dallas 2014, pet. ref'd)………… 6

*Arzaga v. State,* 86 S.W. 3d 767, 776(Tex. App. – El Paso, 2002 no pet.) .......4, 5, 6

*Cohn v. State,* 849 S.W.2d 817, 819 (Tex.Crim. App.1993).....................................5

*Martinez v. State,* 2014 WL 3763649, *2 (Tex. App. – El Paso, 2014)............v, 4, 6

*Schutz v. State,* 957 S.W.2d 52, 59 (Tex. Crim. App. 1997) ............................4, 5, 6

*Yount v. State,* 872 S.W.2d 706, 708, 709 (Tex.Crim.App.1993) ...........................4

## CONSTITUTIONS AND STATUTES

TEX. R. APP. P. 66.3(b) ......................................................................................4

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner believes that oral argument would be helpful to the Court's resolution of the issues presented. The issues presented are novel and have not been addressed by this Court in the context presented by this case.

**STATEMENT OF THE CASE**

Petitioner was charged with aggravated sexual assault of a child. CR at 3. He pled not guilty and was tried before a jury. The jury convicted Petitioner and assessed his punishment at ninety-nine years in prison.   CR at 126.

**STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE**

On May 24, 2012, Petitioner timely filed a motion for new trial which was overruled by operation of law.   Petitioner filed a timely notice of appeal on June 21, 2012.   On July 30, 2014 the Eighth Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *Martinez v. State,* 2014 WL 3763649, *2 (Tex. App. – El Paso, 2014). A motion for rehearing was timely filed on October 21, 2014 and denied on November 5, 2014. This Court granted an extension of time in which to file a petition for discretionary review until January 5, 2015.

## GROUNDS FOR REVIEW

1. Whether the Eighth Court erred in determining that it was not error for the State to ask its child forensic interviewer whether or not the child was consistent during the forensic interview thus implying that the child was being truthful.

# ARGUMENT GROUND 1

It is generally improper for a witness to offer a direct opinion as to the truthfulness of another witness. This type of testimony is inadmissible because it impermissibly decides an issue for the jury. Although this issue generally arises in the context of expert witnesses, lay opinions must also be helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. It follows, then, that a lay witness is not permitted to offer an opinion that another witness is truthful.

*Relevant Facts*

The State called Max Zimmerly, the child forensic interviewer that spoke with the child (IL), to testify about the manner in which he interviewed IL. Petitioner lodged several objections to the relevance of the testimony indicating to the court that he was concerned that Zimmerly would get into inadmissible matters regarding what IL had told him. R. 5: 103-104, 107. Petitioner further argued that if that was not the State's intent, then Zimmerly's testimony was not relevant. R. 5:103-104, 107. The court overruled Petitioner's relevance objections. The State asked Zimmerly whether he would ask the child to describe what's happened to him and if in fact he did that with IL. R. 5:111. Zimmerly responded that he did. R. 5:111. The State continued its direct examination with "Generally speaking, do you look for consistency within those details? Does the child stay on track?" R. 5:111. Petitioner objected that the State was trying to elicit an opinion regarding truthfulness. R. 5:111. The objection was overruled. R. 5:111. The State then

2

repeated its question asking "You know when somebody tells a story, right, they tell you the same set of events?" to which Zimmerly responded "Yes, ma'am". R. 5:111. Zimmerly was then asked "what do you do with a child to see if the child is consistently on track, that kind of thing. What do you do?" to which Zimmerly responded that he would look for more details from the child, not trying to trick him or anything but trying to get more information. R. 5:111-112. Finally, after setting the stage for the importance of consistency, the State asked Zimmerly whether IL had been consistent in the stories he relayed to him. Petitioner objected, arguing to the court that the State was asking Zimmerly to relay what he had been told by IL and to comment on IL's consistency. R. 5:112. The State responded that it understood that it was not supposed to have Zimmerly comment on the credibility of IL but that was not what it was doing. R.5:112. Petitioner argued that testimony regarding consistency would lead to the inference that IL was telling the truth. R. 5:113. The court overruled the objection and Zimmerly was allowed to testify that IL was consistent throughout his story. R. 5:113.

*Opinion of the Court of Appeals*

In affirming Petitioner's conviction, the Eighth Court wrote:

The complained-of testimony arises from the State's question to Zimmerly, "Was the child consistent throughout his story?" Zimmerly answered, "Yes, ma'am." Zimmerly did not offer an opinion regarding or otherwise discuss the truthfulness of IL's statements or testimony,

3

the truthfulness of IL's allegations, or the characteristics of child victims as a class. We do not agree with Appellant's assertion that Zimmerly's answer to the State's question constituted a direct or indirect comment on IL's truthfulness or credibility.

*Martinez v. State,* 2014 WL 3763649, *1(Tex. App. – El Paso, 2014)

## *Reasons for Review*

Review should be granted because the Eighth Court has decided an important question of state law that has not been but should be, settled by the Court of Criminal Appeals. TEX. R. APP. P. 66.3(b).

It is generally improper for a witness to offer a direct opinion as to the truthfulness of another witness. *See Schutz v. State,* 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount v. State,* 872 S.W.2d 706, 709 (Tex.Crim.App.1993). This type of testimony is inadmissible because it does more than assist the trier of fact to understand the evidence or to determine a fact in issue; it impermissibly decides an issue for the jury. *See Yount,* 872 S.W. 2d at 709. Although this issue generally arises in the context of expert witnesses, lay opinions must also be helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. See Tex.R.Evid. 701. *Arzaga v. State,* 86 S.W. 3d 767, 776(Tex. App. – El Paso, 2002 no pet.). It follows, then, that a lay witness is not permitted to offer an opinion that

4

another witness is truthful. *See Cohn v. State,* 849 S.W.2d 817, 819 (Tex.Crim. App.1993); *Arzaga,* 86 S.W. 3d at 776.

In this case, the State's child forensic interviewer was asked if the child gave a consistent story regarding the allegations he was making. The forensic interviewer stated that he did. According to the Eighth Court such testimony was not a direct or indirect comment on the truthfulness of the child. The Eighth Court's holding is illogical and clearly erroneous when considered in the context of the questions that preceded the ultimate question concerning the child's consistency. The State set the stage for the ultimate question by emphasizing the importance of consistency. It made statements such "Generally speaking, do you look for consistency within those details? Does the child stay on track?" and "You know when somebody tells a story, right, they tell you the same set of events?" R. 5:111. Consistency within details, staying on track and telling the same set of events have no relevance other than to imply that the child was truthful.

In *Schutz* this Court found that testimony that the complainant had not exhibited any evidence of fantasizing was a direct comment on the truthfulness of the complainant's allegations. *Schutz,* 957 S.W. 2d at 73. This Court further found that testimony indicating that it was less likely that the child had been manipulated, clearly conveyed to the jury that the child's allegations were not the result of

5

manipulation and it held that such testimony was a direct comment on the truthfulness of the complainant's allegations. *Id.* It did not matter that the witness was not asked directly whether he believed the witness was being truthful, the logical inference was that the complainant's allegations were true. *Id.* Similarly, when the State questions a witness regarding the consistency of another witness's recitation of events, the logical inference from such questioning is that the State is attempting to elicit an opinion regarding truthfulness. There is no other possible inference, permissible or impermissible, that can be drawn from such questions.

This Court's review of the issue presented is important because lower courts appear to be under the mistaken impression that a witness must be asked directly whether a witness is being truthful before error will follow. *See Martinez v. State,* 2014 WL 3763649, *1(Tex. App. – El Paso, 2014)(Testimony that witness told consistent story not a direct or indirect comment on truthfulness); *Arzaga,* 86 S.W. 2d at 776(Improper for witness to comment on another witness's consistency because witness testified that it "seemed like they were telling the truth when I had taken the two stories."); *Alfaro v. State,* 2014 WL 1017868, *4(Tex. App. – Dallas 2014, pet. ref'd)(Witness never specifically said the word "truthful" consequently, testimony was not objectionable.) Under *Schutz*, testimony may be found to be a

direct comment on truthfulness even though the witness never states that he believes the witness is credible or truthful.

## *Conclusion*

This Court should grant review because the issue of witness consistency arises often in child sexual abuse cases and this Court has not provided any guidance regarding the admissibility of such testimony. Logically, the only reason such testimony is offered is to improperly bolster the credibility of a witness. This Court should grant this Petition and set out the circumstances under which such testimony may be admissible, if any.

## PRAYER FOR RELIEF

For all the reasons stated above, Petitioner respectfully requests that the Honorable Court of Criminal Appeals grant this petition for discretionary review.

Respectfully submitted,

/s/ Ruben P. Morales
Ruben P. Morales
Attorney for Petitioner
Texas Bar No. 14419100
718 Myrtle Avenue
El Paso, Texas 79901
915 - 542 - 0388
915 - 225 - 5132 fax

## Certificate of Service

I certify that a copy of this petition was delivered to the Office of the El Paso County District Attorney at 500 E. San Antonio, El Paso, Texas 79901, and mailed to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas, 78711 on January 5, 2015.

/s/ Ruben P. Morales
Ruben P. Morales

8

## CERTIFICATE OF COMPLIANCE

I certify that Appellant's Petition for Discretionary Review contains 1,564 words and complies with the applicable Rules of Appellate Procedure.

/s/ Ruben P. Morales
Ruben P. Morales

Not Reported in S.W.3d, 2014 WL 3763649 (Tex.App.-El Paso)
(Cite as: 2014 WL 3763649 (Tex.App.-El Paso))

Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

*OPINION*(Do Not Publish)

Court of Appeals of Texas,
El Paso.
Ariel MARTINEZ, Appellant,
v.
The STATE of Texas, Appellee.

No. 08–12–00191–CR.
July 30, 2014.

Appeal from the 120th District Court of El Paso County, Texas, (TC # 20110D00036).
Michael R. Gibson, for Ariel Martinez.

Jaime E. Esparza, for The State of Texas.

Before McCLURE, C.J., RIVERA, and RODRIGUEZ, JJ.

*OPINION*
GUADALUPE RIVERA, Justice.
*1 Appellant, Ariel Martinez, appeals his convictions for one count of aggravated sexual assault of a child and two counts of indecency with a child. We affirm.

**BACKGROUND**
Because Appellant does not challenge the sufficiency of the evidence, we restrict our discussion of the testimony and evidence presented at trial. Emilia Solis was a special education teacher at Anthony Elementary School in Anthony, New Mexico. IL was a student in Solis's classroom. IL informed Solis that he needed to discuss a matter with her, and proceeded to make an outcry regarding events that occurred when he went to the restroom at a Big 8 store in Anthony, Texas. IL, who was ten years' old

at the time of the events, testified during trial regarding Appellant's acts upon him. IL was later interviewed by a forensic interviewer, Joe Zimmerly, who also testified at trial.

After the jury found Appellant guilty of all three counts, it assessed punishment at ninety-nine years' confinement for aggravated sexual assault of a child (Count I), twenty years' confinement for indecency with a child (Count II), and ten years' confinement for indecency with a child (Count III).

**DISCUSSION**
In Issue One, Appellant complains the trial court erred when it overruled his relevancy objection and permitted the State's witness, Zimmerly, to testify that "the child [was] consistent throughout his story." Appellant argues that this testimony "was tantamount to allowing the interviewer to give an opinion that the child was truthful[.]"

We review a trial court's evidentiary rulings under an abuse of discretion standard. *Gallo v. State,* 239 S.W.3d 757, 765 (Tex.Crim.App.2007) (expert testimony); *Shuffield v. State,* 189 S.W.3d 782, 793 (Tex.Crim.App.2006)(evidence generally); *Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000)(expert testimony). A trial court abuses its discretion only when its decision lies "outside the zone of reasonable disagreement." *Walters v. State,* 247 S.W.3d 204, 217 (Tex.Crim.App.2007). When an evidentiary ruling admitting evidence is reasonably supported by the record and is correct under any theory of law applicable to the case, it should be upheld. *See Ramos v. State,* 245 S.W.3d 410, 417–18 (Tex.Crim.App.2008).

To be admissible, expert testimony must "assist" the trier of fact but must not supplant the jury's decision. *See* TEX.R. EVID. 702; *Schutz v. State,* 957 S.W.2d 52, 59 (Tex.Crim.App.1997); *Duckett v. State,* 797 S.W.2d 906, 914 (Tex.Crim.App.1990). An expert's testimony assists

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

the fact finder when the jury is not qualified to "the best possible degree" to intelligently determine the particular issue without the help thereof. *Duckett,* 797 S.W.2d at 914. Expert testimony that constitutes "a direct opinion on the truthfulness" of a child complainant's allegations does not assist the jury. *Yount v. State,* 872 S.W.2d 706, 708 (Tex.Crim.App.1993).

The complained-of testimony arises from the State's question to Zimmerly, "Was the child consistent throughout his story?" Zimmerly answered, "Yes, ma'am." Zimmerly did not offer an opinion regarding or otherwise discuss the truthfulness of IL's statements or testimony, the truthfulness of IL's allegations, or the characteristics of child victims as a class. We do not agree with Appellant's assertion that Zimmerly's answer to the State's question constituted a direct or indirect comment on IL's truthfulness or credibility. If we did arrive at that conclusion, however, the error was harmless and did not have a substantial or injurious effect upon the jury's verdict.

*2 In assessing the likelihood that the jury's decision was improperly influenced, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Barshaw v. State,* 342 S.W.3d 91, 94 (Tex.Crim.App.2011) (citations omitted). We may also consider the trial court's jury instruction, the state's theory, defensive theories, closing arguments, voir dire, and whether the state emphasized the error. *Id.*

We disregard non-constitutional error unless it affects the defendant's substantial rights. *Id.* at 93. In considering the potential to harm, we focus not on whether the outcome of the trial was proper despite the error, but whether the error had a substantial or injurious effect or influence on the jury's verdict. *Id.* at 93–94. If, after examining the record as a whole, we have fair assurance that the error did

not influence the jury, or influenced the jury only slightly, we will not overturn a conviction for non-constitutional error. *Id.* at 93. "A conviction must be reversed for non-constitutional error if the reviewing court has grave doubt that the result of the trial was free from the substantial effect of the error." *Id.* at 94. If "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error," grave doubt exists. *Id.*

Having reviewed the record as a whole, we conclude the admission of Zimmerly's testimony did not have a substantial or injurious effect or influence on the jury's verdict or, at most, had but only a slight influence on the jury. *Id.* at 93–94. Among other evidence, the jury heard testimony from IL, IL's sexual-abuse nurse examiner, officer testimony regarding Appellant's own statements to police placing him at the scene, and considered the physical evidence of injury to IL's body and the timeframe for healing therefrom. Zimmerly's complained-of testimony was not reviewed, expanded upon, revisited, or even addressed by the State during closing argument, and was but a small portion of the evidence before the jury. Issue One is overruled.

In Issues Two and Three, Appellant next raises allegations that his trial counsel rendered ineffective assistance. We review ineffective assistance of counsel claims according to the United States Supreme Court's two-pronged *Strickland* test. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Under the first prong, an appellant must show that "counsel's performance was deficient," i.e., that his assistance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064. Under the second prong, an appellant must prove prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *John-*

son v. State, 234 S.W.3d 43, 56 (Tex.App.-El Paso 2007, no pet.). Prejudice is established by showing a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Mallett v. State, 65 S.W.3d 59, 62–63 (Tex.Crim.App.2001); Johnson, 234 S.W.3d at 56. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Mallett, 65 S.W.3d at 63; Johnson, 234 S.W.3d at 56. Claims of ineffective assistance must be proven by a preponderance of the evidence. Bone v. State, 11 S.W.3d 828, 836 (Tex.Crim.App.2002). A failure to make either of the required showings of deficient performance and sufficient prejudice defeats an appellant's claim of ineffective assistance. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App.2003). We look "to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel." Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App.1999). Further, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." Id.

### Analysis

*3 When analyzing an ineffective assistance of counsel claim, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). "To defeat the presumption of reasonable professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.' " Thompson, 9 S.W.3d at 814, quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). Typically, however, "the undeveloped record on direct appeal will be insufficient for an appellant to

satisfy the dual prongs of Strickland." Thompson, 9 S.W.3d at 814 n. 6. Without evidence in the record of the attorney's reasons for his conduct, the presumption that an attorney's actions were sound trial strategy ordinarily cannot be overcome. See Jackson, 877 S.W.2d at 771. Appellant "must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission" to show ineffective assistance of counsel on direct appeal. Bone, 77 S.W.3d at 836.

In Issue Two, Appellant complains that trial counsel failed to object to the hearsay testimony of Officer Robert Sherrouse regarding IL's description to him of the assailant and the assailant's genitals, genital area, and clothing. In Issue Three, Appellant asserts his trial counsel erred in eliciting and failing to object to testimony regarding Appellant's invocation of his right to counsel after Appellant was asked to provide police with a written statement. Appellant's assertions are unsupported by any evidence in the record showing counsel's reasons for his conduct. Therefore, Appellant has not overcome the presumption that trial counsel's actions constituted sound trial strategy. See Jackson, 877 S.W.2d at 771. Because Appellant has failed to satisfy the first Strickland prong, Issues Two and Three are overruled. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

### CONCLUSION
The trial court's judgment is affirmed.

Tex.App.-El Paso,2014.
Martinez v. State
Not Reported in S.W.3d, 2014 WL 3763649 (Tex.App.-El Paso)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.